# DECISIONS

## OF THE

# Supreme Court of Florida.

## JANUARY TERM, A. D. 1902.

M. Q. ANTHONY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A question as to the admissibility of evidence can not properly be raised by an assignment of error that the verdict is contrary to law.

2. Under an information charging defendant with receiving stolen property, acts and declarations of the thief made at the time of. and in connection with, and tending to prove the larceny, are admissible.

3. An objection made to evidence as a whole, part of which is competent, is properly overruled.

4. It is within the discretion of the trial court to permit leading questions, and the exercise of that discretion is not reviewable on writ of error.

5. A trial court should not permit the introduction of evidence of a defendant's confession until sufficient proof of the corpus delicti is first given, but if the confession be admitted without such proof, and additional evidence upon the subject is afterwards introduced, independent of the confession, which would have justified the admission of such confession, the error in prematurely admitting it will be cured.

6. The statement of a co-defendant made subsequent to an alleged offense is admissible in evidence against a de-

fendant on trial, where it is shown that the statement was made in his presence and expressly assented to by him

7. On the trial of a person charged with receiving stolen property, testimony on the part of the State tending to prove an arrangement or plan made between the alleged thief and the defendant whereby the thief was to steal and the defendant was to receive from him a certain kind of property, as the defendant should need it, is admissible, where the testimony tends to show that the particular property charged in the indictment was received by defendant in pursuance of such arrangement or plan.

8. After a criminal case has been closed on both sides, and the argument of counsel is being made, it is within the sound discretion of the trial court to permit the State to introduce additional evidence in furtherance of justice.

9. An accused has the right to have the trial court instruct the jury on request, that the testimony of an accomplice, as well as his own confessions, while proper to be considered, should be received with great caution, but he has no right to require the court to go beyond the expression of this caution in calling attention to the nature or weight or such evidence.

Writ of error to the Criminal Court of Record for Duval County.

The facts of the case are stated in the opinion of the court.

*Barrs & Bryan,* for Plaintiff in Error.

*W. B. Lamar,* Attorney-General, for the State.

Anthony v. The State of Florida—Opinion of Court.

Per Curiam.

This case was referred by the Court to its commissioners for investigation who have reported that the judgment should be affirmed. After due consideration the court concurs in this result.

Information was filed in the Criminal Court of Record for Duval county against plaintiff in error, Thomas Moore and Henry Sloan, the first count thereof alleging that said parties on the twentieth day of April, 1901, in Duval county, State of Florida, "two hundred and eighteen pounds of pork loin of the value of twelve cents per pound, all of the value of twenty-six dollars and sixteen cents, the property, goods and chattels of Armour and Company, a corporation doing business in the State of Florida, being found feloniously did steal, take and carry away."

The second count charges that the same parties on same date, feloniously did have, receive, buy and aid in the concealment of the same property alleged to have been stolen, they then well knowing that said property was then and there stolen, contrary to the form of the statute, &c.

Plaintiff in error was tried separately, and found guilty as charged in the second count of the information, and from the sentence of the court sued out writ of error.

The disposition of the first and third assignments of error, will be postponed until the other assignments are first considered. The second assignment is that the verdict is contrary to the law, and it is contended under it that there was not sufficient evidence to permit the alleged confession of the accused to go to the jury, and that the alleged confession of Tom Moore should not have been received in evidence against defendant.

The question of the admissibility of evidence can not be raised properly by an assignment that the verdict is contrary to law. Objections should be made to the admission of evidence when offered, and if overruled an exception should be taken, and the question of admissibility should be presented on an assignment based upon the ruling of the court admitting the evidence. Other assignments made by plaintiff in error relate to the admission of the alleged confessions of the accused, and also of Tom Moore, and such matters will come up under such assignments.

The fourth assignment is that the court improperly denied defendant's motion to strike out that portion of the testimony of Henry Sloan detailing a conversation between witness and Tom Moore. It is contended that it was hearsay evidence and should have been excluded. Under the second count of the information it was incumbent upon the State to prove first, that the property described therein, or part of it, was stolen, and, second, that the accused knowing it to have been stolen, bought, received or knowingly aided in its concealment. The theory of the prosecution was that Thomas Moore stole the property, and plaintiff in error knowing it to have been stolen, received it. Sloan, a drayman, was introduced for the prosecution and stated that on a Tuesday morning Moore told him he had a box that he, Moore, wanted him to take to Anthony. Witness told him all right, and took it out. Witness further stated that he went back of Armour's establishment on that Tuesday morning and got some meat and it was taken from him by an officer on his way out to Anthony's. Witness also stated that some more meat was carried out there on the Saturday preceding, and was asked where he got it. An objection to this

was made on the ground that any conversation between Moore and witness was incompetent, and also a motion was made to strike out the testimony of the witness already given as to what Moore told him. The court reserved its decision to see the connection the State would make. No grounds of objection were stated in the motion and no exception taken to the ruling. The witness then stated that on the Saturday mentioned Moore told him to go around to the back of Armour & Company's place and there would be a box there, and he, Moore, went through and directed witness to take it. Motion was made to strike out this answer on the ground that it was hearsay, and an exception was taken to the ruling denying the motion. Witness further stated that he went around to the back of the place, and Moore gave him the meat and told him to take it to Anthony, and that he did so. A similar motion, ruling and exception appear. At the conclusion of witness' examination counsel for the accused made a motion to strike out of the testimony of the witness that portion detailing the conversations between witness and Moore on the ground that it was hearsay; this motion was denied, and excepted to by the accused. It appeared from the evidence that the box taken from the business place of Armour & Co. contained pork lions, and also that Tom Moore was an employe of that company in its fresh meat department, but without any authority to sell meat. It was competent for the State to put in evidence acts and declarations of Moore tending to prove larceny by him of the property described in the information. This was a part of the case which the State had to prove in order to secure a conviction, and all that Moore said and did in the immediate connection of taking became a part of the *res*

*vestae* State v. Smith, 37 Mo. 58; State v. Sweeten, 75 Mo. App. 127; Copperman v. People, 56 N. Y. 591; Coleman v. People, 58 N. Y. 555. The objection to all that part of Sloan's testimony detailing acts and declarations of Moore in reference to the asportation of the pork loins on the Saturday, and that went into possession of the accused, was, therefore. without foundation and properly overruled. There was no ground of objection stated in the first motion to exclude what was said and done in reference to the meat on Tuesday. In the subsequent motion to exclude all conversations of Moore had with Sloan the ground is hearsay, but it included the conversations had on Saturday as well as on Tuesday, and we have seen that those on Saturday were properly admitted in evidence. The objection finally made, included all the evidence, and as part of it was competent we need not examine the propriety of admitting the other. Richard v. State, 42 Fla. 528, 29 South. Rep. 413.

The fifth assignment is that the court erred in overruling the objection of defendant to the following question propounded to the witness Conroy, *viz*: "What duty did he have there; did he have any authority to sell meat?" The question referred to Tom Moore and the objection to it was on the ground it was leading. The trial judge may in his discretion permit leading questions, and in this State the exercise of such discretion is not reviewable by the Supreme Court upon writ of error. Myers v. State, 43 Fla. 500, 31 South. Rep. 275; Brown v. State, decided at this term.

The sixth, seventh, ninth, eleventh and twelfth assignments may be disposed of together. The ninth was not referred to in the argument in chief, but conceding that it was argued in the reply brief, it may be classed with

the others mentioned, all involving the question of the admissibility of confessions on the part of the accused. Confessions at different times were put in evidence by the State. The State witness Conroy was asked to state what if anything Anthony said at the jail in reference to meat, and again what did Anthony say. The allowance of these questions constitutes assignments numbered six and seven. The ninth is a general assignment based on the admissions of confessions deposed to by the witness Conroy. The accused made certain statements inculpating himself when he was brought before the committing magistrate for examination, and the allowance of these statements, given in evidence by the magistrate, form the basis of the eleventh and twelfth assignments. The objection urged to all of the statements, included in the assignments mentioned, is that the *corpus delicti* had not been sufficiently shown when the confession was allowed to go to the jury for consideration. Counsel rely upon the rule stated in Lambright and Stevens v. State, 34 Fla. 564, 16 South. Rep. 582, that the court must decide in the first instance whether the evidence of the *corpus delicti* is *prima facie* sufficient to allow the confession to go to the jury. It was held in Holland v. State, 39 Fla. 178, 22 South. Rep. 298, that while courts should not permit the introduction of evidence of a defendant's confession until sufficient proof of the *corpus delicti* is first given, yet if the confession be admitted without such proof, and subsequently additional evidence (independent of such confession) of the *corpus delicti* sufficient to justify the admission of confessions is introduced, the error in prematurely admitting them will be cured. If it be conceded that at the time some of the confessions were put in evidence the *corpus*

*delicti* had not been sufficiently shown to admit, confessions, yet this will not result in a reversal of the judgment in this case. Upon the entire testimony introduced before the jury we are satisfied that there was ample testimony, independent of the confessions, to show the *corpus delicti*, and, under the rules stated, there is no reversible error in reference to the admission in evidence of the alleged confessions of the accused.

The eighth assignment is that the court erred in permitting the witness Conroy to detail the statement of Tom Moore as to his having sent pork loins to the defendant. This assignment has reference to a statement made by Moore and assented to by defendant when they were before the committing magistrate. They were warned by that officer that any statement they made might be used against them. Moore made a statement in reference to six pork loins taken by him and sent to Anthony on the twentieth of April, 1901, and the latter said "yes, that is right." In a colloquy between them at that time Anthony stated that he paid Moore five dollars for the lot on Monday, and they did not agree as to the payment being made on Monday, but finally both agreed that the payment was on Sunday. The contention is that the confession of Moore, being a codefendant, was inadmissible as against defendant Anthony under the rules stated in Anderson v. State, 24 Fla. 139, 3 South, Rep. 884, that when two parties have been engaged together in an offense, the confession of one, after the completion of the offense, is not allowable as evidence against the other. The record before us shows that only that part of Moore's statement that Anthony expressly assented to and stated to be correct was put in evidence against him, and we do not see

what ground of complaint he has on this account.   It was
a statement not simply acquiesced in, but stated by him
to be correct, and to this extent it was his own statement.

The tenth assignment is that the court erred in deny-
ing the motion to strike out the testimony of witness
Conroy as to the shortage of pork loins at or about Gala
week, 1900.   The witness was interrogated as to what
Anthony said about an arrangement between him and
Moore in reference to the delivery of meat by the latter
to the    former,   and    stated   that    Anthony   said
there  was   a  shortage   of   pork  loins;  and   at   this
point   counsel  for   defendant  moved   to  strike   out  the
answer on the ground that it was too vague, indefinite
and uncertain, and did not give defendant   sufficient no-
tice of the offense with which he was charged.   This
motion was denied and exception taken.   The witness
then completed his answer by stating that Anthony said
during the last Gala week there was a shortage of pork
loins in Jacksonville, and he went to Moore and asked
him if he could not take care of him, and Moore said he
could.   Anthony said that was the time he started this
arrangement with Moore, and it was because he could not
get pork loins anywhere else.   The Gala week referred
to was in 1900.   We do not think there was any ground
of objection on the part of the accused to the introduction
of this evidence.   It tended to show the beginning, not too
remote, of the very arrangement under which the pork
loins alleged in the information to have been stolen were
received by the accused, and bore on the question of his
guilty knowledge.   Copperman v. People, and Coleman v.
People, *supra*.

The thirteenth assignment is that the court erred in
permitting the witness Conroy to be recalled after the

State had closed its case, and during the argument of counsel to the jury. The record shows that this was done, but it is not error for the court, in the exercise of sound discretion, to permit the State to introduce further evidence, after it has been closed on both sides, in furtherance of justice. Barber v. State, 5 Fla., 199; Burroughs v. State, 17 Fla. 643. It is not contended that the ends of justice were not promoted by permitting the witness Conroy to be recalled, and we see no ground for reversing the judgment on this account.

The fourteenth and fifteenth assignments impute error to the trial court in the refusal to give the following requests on behalf of the accused, *viz*: "The evidence of verbal confessions of the guilt of the accused is to be received with great caution; for besides the danger of mistake from misapprehension of the witness, misuse of words, the failure of the party to express his own meaning, and the infirmity of memory, it is to be recollected that the mind of the defendant is oppressed by the calamity of his situation, and that he is often influenced by motives of hope or fear to make an untrue statement." "An accomplice is an admissible witness, but he comes before the court under suspicious circumstances, his testimony ought to be received with great caution. As a general rule it is unsafe to convict upon the testimony of an accomplice alone, uncorroborated by other testimony; it ought to be corroborated in material facts, connecting the defendant with the same, but the degree of credit to be given to the testimony of an accomplice, and the amount of corroboration necessary to render it satisfactory, are matters to be considered and determined by the jury." Text-writers use language similar to that employed in

the requests in reference to the credibility of evidence of accomplices and of confessions of accused persons detailed by witnesses. Some courts have regarded such statements as rules of law which a defendant has a right to have given in charge to the jury, while many others reject this view. They hold that the trial judge may in his discretion caution the jury in such language, but that it is not error for him to refuse to do so. By statute in this State (Section 1088 Revised Statutes) trial judges are restricted in charging juries to the law of the case, and can not intimate to them their views as to the effect, weight or credibility of the evidence. Notwithstanding this statute it has been decided in this State that an accused has a right as matter of law to have the trial court instruct the jury that the testimony of an accomplice, as well as his own confessions, should be received with great caution. Bacon v. State, 22 Fla. 51; Coffee v. State, 25 Fla. 501, 6 South, Rep. 493. To this extent the trial court should go as to such testimony, and a refusal to so charge when requested will be error. It has not been decided here, however, that the court should go to the extent requested in the charges refused in this case, and we think it is not error to refuse such requests. A caution, as indicated in our previous decisions, is a matter of right to the accused, but beyond this, and to the extent indicated by the liberal approved view favorable to an accused, it must be left to the discretion of the trial judge. As the requests went beyond what the accused had a right as matter of law to ask, their refusal was not error.

There is no error under the first and third assignments, that the verdict is contrary to the evidence and the charge of the court. The evidence is of such a character

as forbids its disturbance by this court under the settled rule on the subject, and there is nothing in the charges of the court to conflict with such a result.

No error having been made to appear in any of the assignments of error, the judgment must be affirmed. Ordered accordingly.