T. J. PARRISH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed June 13, 1925.

1.  The method of conducting trials, as to the time of assembling, the recesses of the court, the sending for witnesses and the introduction of evidence, must be left, in the nature of things, to the sound discretion of the trial court, reasonably exercised, and an appellate court will not interfere unless it clearly and affirmatively appears that some injustice, wrong or injury has resulted to the accused or that his rights under the law have been invaded.

2.  One charged with a criminal offence is entitled under the constitution to a speedy and public trial, but the presumption does not obtain that a continuance of the case by the court upon application of the State and over defendant's objection, is a denial of that right.

3.  Before a person charged with a particular crime can be lawfully found guilty, it is necessary to establish the *corpus delicti* by proof *aliunde* any confession of the accused.

4. Ordinarily, a trial court should not permit the introduction of evidence of a defendant's confession or other evidence of guilt until the *corpus delicti* is first established *prima facie* by proper proof. Yet if the confession be admitted prior to such proof, and additional proof of the *corpus delicti* is afterwards introduced, independent of the confession, which *prima facie* established the *corpus delicti* and would have justified the admission of such confession, the technical error in prematurely admitting the confession will be cured.

5. Certain evidence herein examined and found to be admissible when taken in connection with other evidence in the case.

6. In criminal law, a "confession" is an acknowledgment of the criminal act charged or of the facts which constitute the crime. Statements which merely admit facts or circumstances from which guilt may be inferred are "admissions." Such "admissions" as distinguished from "confessions," are in general admissible in evidence against the party making them as other admissions against interest. Especially is this true when the statement constituting the admission is made extrajudicially, when the defendant is neither under arrest nor charged with the crime, and to a person who is not an officer with authority to arrest.

7. The record shows that certified copy of the original commitment of a convicted prisoner was introduced in evidence, but no copy thereof appears in the transcript. The document was objected to solely upon the grounds that it was not a complete record of the trial and conviction of the prisoner, and that the prisoner held by virtue of the commitment was not sufficiently identified as being the person named therein. The Superintendent of the prison farm testified without contradiction that the prisoner held by him was the identical person delivered to him with the original commitment. Held, that in the absence of a showing to the contrary, it will be presumed that the commitment was in due form as prescribed by the statute, and that at least a *prima facie* showing of a lawful commitment was made, as against the objections interposed.

8. Any legal evidence from which the jury may legitimately deduce guilt or innocence is admissible if, when taken with other evidence in the case, its relevancy appears.

9. Where the bill of exceptions discloses sufficient evidence from which the jury might have legally found or inferred all the essential elements of the crime charged, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial for insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Judgment affirmed.

*McNamee, Wilson & Koester,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

STRUM, J.—Plaintiff in error was convicted of the offense of knowingly assisting in the escape from lawful custody of one Camp, the latter a duly committed prisoner of the State of Florida, as defined and prohibited by Section 5398, Revised General Statutes of Florida, 1920, and to the judgment of conviction takes a writ of error.

Soon after the introduction of evidence had been begun at the trial, the State undertook to prove the lawful detention of the prisoner Camp by the oral testimony of the Superintendent of the State Prison Farm. The trial court sustained the defendant's objection to the character of such

testimony upon the ground that the commitment under which the prisoner was held was the best evidence. Thereupon, upon motion of the State, and over the defendant's objection, the court passed the trial of the cause until 9 :30 o'clock A. M. of the next day, in order to afford the State an opportunity to obtain the requisite commitment from the State capital. This action of the trial court is assigned as an error.

The method of conducting trials, as to the time of assembling, the recesses of the court, the sending for witnesses and the introduction of evidence, must be left, in the nature of things, to the sound discretion of the trial court, reasonably exercised, and an appellate court will not interfere unless it clearly and affirmatively appears that some injustice, wrong or injury has resulted to the accused or that his rights under the law have been invaded. Clements v. State, 51 Fla. 6, 40 South. Rep. 432; Adams v. State, 55 Fla. 1, 46 South. Rep. 152; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312. See also Section 2689, Revised General Statutes, 1920. One charged with a criminal offense is entitled under the constitution to a speedy and public trial, but the presumption does not obtain that a continuance of the case by the court upon the application of the State over the defendant's objection is a denial of that right. Griswold v. State, 77 Fla. 505, 82 South. Rep. 44.

It appears that the State had been diligent in preparing for trial. Many witnesses were present, most of them from distant points in the county and elsewhere, all being ready to testify. The ruling of the trial court upon the matter stated developed the necessity for the State to procure as evidence a document then in a distant city in order to conform to the ruling of the trial court as to the proper manner of proving the *corpus delicti*. Although a trial court,

in ordering the trial temporarily deferred, should exercise a sound and reasonable regard for the rights of the defendant in respect to the attendance of his witnesses and all other matters in the presentation of his defense, there appears in the order assigned as error no abuse of the discretion reposed in the trial court. The temporary delay does not appear to have injured or worked any hardship upon the defendant, either in respect to the attendance of his witnesses, or otherwise in the preparation or presentation of his defense. If the latter were the case, a different question might be presented. We find no error in the action of the court upon the State's motion.

Upon resumption of the trial next morning, the trial court, in regulating the order of introduction of the evidence, permitted the State to introduce in evidence certain supposed confessions of the accused, and other evidence tending to prove his guilt of the crime charged before the actual arrival and introduction in evidence of the commitment which the trial court had held to be a requisite element of proof of the *corpus delicti*. This is assigned as error. Before a person charged with a particular crime can be lawfully found guilty, it is necessary to duly establish the *corpus delicti* by proof *aliunde* any confession of the accused. Tucker v. State, 64 Fla. 518, 59 South. Rep. 941; Bines v. State, 118 Ga. 320, 45 S. E. Rep. 376, 68 L. R. A. 33. There must also be sufficient legal proof of all other elements of the crime charged. Generally speaking, no confession of the accused or other evidence of his guilt is admissible until the *corpus delicti* has been *prima facie* established. Hall v. State, 31 Fla. 176, 12 South. Rep. 449. In the conduct of the trial, however, the trial court is authorized to regulate the order of the introduction of evidence and the examination of witnesses, and its discretion in such

matters will only be interfered with by an appellate court where clearly abused or the rights of the accused clearly have been injuriously affected. In the sound exercise of such discretion, evidence may be conditionally admitted and later stricken if not properly connected up. Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, 8 L. R. A. (N. S.) 509. Ordinarily a trial court should not permit the introduction of evidence of a defendant's confession or other evidence of guilt until *prima facie* proof of the *corpus delicti* is first given in conformity with the rule as laid down in Lambright v. State, 34 Fla. 564, 16 South. Rep. 582; and Gantling v. State, 41 Fla. 587, 26 South. Rep. 737. Yet if the confession be admitted prior to such proof, and additional proof of the *corpus delicti* is afterwards introduced, independent of the confession, which *prima facie* establishes the *corpus delicti* and would have justified the admission of such confession, the technical error in prematurely admitting the confession will be cured. Holland v. State, 39 Fla. 178, 22 South. Rep. 298; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Hall v. State, *supra;* Pittman v. State, *supra.*

The evidence objected to was conditionally admitted by the trial court upon the express representation of the Assistant County Solicitor that proof of lawful commitment of the prisoner would be made later, the trial judge ruling and plainly stating that the evidence would be stricken unless a lawful commitment was proved by the State. After the introduction in evidence by the State of a certified copy of the commitment, the defendant's objection was not renewed, and no subsequent motion to strike was made. See Danson v. State, 62 Fla. 29, 56 South. Rep. 677. There was no error in the procedure complained of.

The defendant further assigns as error the ruling of the

trial court in admitting in evidence certain buttons which had been found by one of the State's witnesses in the backyard of the defendant. The State's witness testified that he found the buttons in the defendant's backyard on the day after the escape of the prisoner Camp, in the midst of the ashes of some clothing which had been burned, which clothing appeared to the witness to be the striped trousers of a convict uniform, and that the buttons were of the same variety used on the uniform convict trousers at the State prison farm. Other evidence tended to show that the escaped prisoner had been in the vicinity of defendant's home shortly after his escape. The witness had been employed at the prison farm for about five years, and was thoroughly familiar with the convict garments. To the introduction in evidence of the buttons, the defendant objected on the grounds "that proper foundation had not been laid; that there is no proper identification; no connection." Taken in connection with the other evidence tending to connect the defendant with the escape of the prisoner Camp, we think the buttons found at the time and under the circumstances above stated, were properly admitted in evidence. Griswold v. State, 77 Fla. 505, 82 South. Rep. 44.

Defendant further assigns as error the refusal of the trial court to strike the testimony of the State's witnesses, Cox and Barringtine, as to two alleged "confessions" of the defendant to said witnesses, the objection to the so-called confessions being that it was not shown by the State that they were voluntarily made, uninfluenced by inducement, hope of reward or fear of punishment. At the time the defendant made the statements testified to, he was not under arrest or otherwise restrained, nor was he then charged with the crime. The witnesses Cox and Barringtine were not officers. They possessed no authority to either arrest

the defendant or offer him immunity from punishment. The statements were made extrajudicially. The statements of the defendant testified to by the witnesses were not "confessions of crime" in the sense of an acknowledgment of the criminal act charged or of the facts that constitute the crime. At most they were but admissions of facts or circumstances from which guilt might be inferred. See Daniels v. State, 57 Fla. 1, 48 South. Rep. 747; Bates v. State, 78 Fla. 672, 84 South. Rep. 373. Such statements were therefore "admissions" and not "confessions." Statements other than confessions of guilt of a crime are in general admissible in evidence against the party making them as other admissions against interest. Daniels v State, *supra*. The statements, made under the circumstances stated, were admissible. See also Hall v. State, 78 Fla. 420, 83 South. Rep. 513.

Defendant objected to the introduction in evidence of a certified copy of the commitment under authority of which the prisoner Camp was held in the State prison, upon the grounds that the same was not the complete record in the cause, and that the J. R. Camp it purported to commit was not shown to be the same J. R. Camp who was convicted in the Criminal Court of Record of Orange County, Florida. The contention of the defendant is that the commitment is not admissible unless accompanied by a duly certified copy of the entire proceedings in the trial and conviction of the committed prisoner. Section 6120, Rev. Gen. Stats. 1920, provides that a commitment shall contain "* * * a transcript from the minutes of the court of such conviction and sentence, duly certified by such clerk, which shall be sufficient authority for such sheriff to execute such sentence and he shall execute the same accordingly. * * *" Section 6245, Rev. Gen. Stats. 1920, provides in effect that all

prisoners (sentenced to confinement in the State prison) shall be delivered to the superintendent of the State prison farm, and that no prisoner shall be received by him unless the officer having such prisoner in charge shall also deliver a commitment in *due form,* issued by authority of the court committing such prisoner. The transcript of the record herein does not contain a copy of the commitment in question. The superintendent of the prison farm testified that the J. R. Camp whose escape the defendant was on trial for having assisted and aided, was the identical person who was delivered to him at the prison farm with the original commitment, the certified copy of which was offered in evidence.

No objection was made as to the genuineness or authenticity of the certified copy of the commitment. In the absence of a showing by the record to the contrary, we must presume that the commitment complied with the statutory requirements. The statutes provide that such a commitment shall be sufficient authority for the execution of the sentence of confinement. We therefore think that the identity of the prisoner Camp was sufficiently established for the purpose under consideration, and that the State proved, at least *prima facie,* a lawful commitment, as against the objections made.

Error is also assigned by the defendant on the refusal of the trial court to strike the testimony of the witness Lane as to seeing a Ford coupe near Doctor's Inlet in Clay County, between sunset and dark on the day following the day of the escape. Evidence had been previously introduced tending to prove the presence of the escaped prisoner in or near the home of the defendant shortly after his flight from the prison, that defendant had told another witness that if he (the witness) would go within about nine miles

of Green Cove Springs he could pick up the trail of the escaped prisoner; that the location at which the Ford coupe was seen was about that distance from Green Cove Springs; and that defendant admitted that he had "carried the prisoner off, and carried him to a place way down there," the place being otherwise identified as a creek in the general vicinity of Green Cove Springs, in Clay County. Any legal evidence from which the jury may legitimately deduce guilt or innocence is admissible, if, when taken with other evidence in the case, its relevancy appears. Thompson v. State, 58 Fla. 106, 50 South. Rep. 507. Taken with all the other evidence in the case, the evidence objected to has the tendency to connect the defendant with the commission of the crime, and was therefore admissible.

The remaining assignment of error is based upon the overruling by the trial court of the defendant's motion for a new trial. The motion, in addition to the matters already herein disposed of, raises only the question of the sufficiency of the evidence.

The order of the trial court refusing to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

The bill of exceptions discloses sufficient evidence from which the jury might have legally found or inferred all the essential elements of the crime charged, as well as the fact that the defendant committed the crime, and it does not appear that the jury was influenced by considerations other than the evidence. Under such circumstances, this court will not disturb a verdict of guilty, which has been ap-

proved by the trial court in denying the motion for a new trial. Logan v. State, 58 Fla. 72, 50 South. Rep. 536; Caldwell v. State, 62 Fla. 18, 56 South. Rep. 497; Boyington v. State, 77 Fla. 602, 81 South. Rep. 890; Thompson v. State, 58 Fla. 106, 50 South. Rep. 507.

Judgment affirmed.

WEST, C. J., AND WHITFIELD AND TERRELL, J. J., concur.