42 N.J. Super. 224 (1956)
126 A.2d 47
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANCIS HULSIZER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1956.
Decided October 18, 1956.
*226 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Franklin W. Kielb argued the cause for appellant.
Mr. John F. Crane, Deputy Attorney-General, argued the cause for respondent (Mr. Grover C. Richman, Jr., Attorney-General, attorney; Mr. James T. Kirk, Deputy Attorney-General, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
On February 3, 1955 defendant was charged with drunken driving in violation of N.J.S.A. 39:4-50. After a number of adjournments, the matter was heard in the municipal court on April 24, 1956. Witnesses for the prosecution were two troopers and a Dr. Tompkins; defendant presented no testimony. The court found defendant guilty and imposed a penalty of $200 fine, $25 costs, and suspension of driving privileges for two years. There was an immediate appeal to the County Court, R.R. 3:10-2, and a trial de novo there on the record, R.R. 3:10-10(a), resulting in a judgment of conviction and the imposition of a $200 fine and $25 costs. The statute itself provides that such conviction results in automatic forfeiture of driving privileges for two years.
In his appeal to this court defendant makes a two-fold argument: (1) since the matter was continued for more than a year without the fixing of trial date, the complaint should be deemed abandoned; and (2) the remark by the prosecutor in the course of the argument on defendant's motion to dismiss the complaint, that defendant was not for a time available for trial because "he left to take the cure," violated the rule of fundamental fairness, was prejudicial, and required dismissal of the charge.
*227 Defendant relies upon R.R. 8:4-4 in support of the first point. As of the time of the trial that rule provided:
"Upon the return day of a warrant or summons, the magistrate may adjourn the hearing for a period not to exceed 10 days. Further adjournment shall be granted only when in the opinion of the magistrate postponement of the hearing is reasonably necessary. In contested matters the court, on granting an adjournment, shall specify a trial date. Adjournments and the reasons therefor shall be entered on the docket. The court shall cause the complaining witness, all defendants and all other known witnesses to be notified of such adjournment." (The rule has since been amended, effective September 5, 1956, to provide for an initial adjournment of 14 days.)
Defendant claims that not only was the trial adjourned for more than ten days, but the docket does not indicate the reasons for the several adjournments, nor does the record show that the magistrate specified new trial dates when granting the adjournments. However, the colloquy at the time of defendant's motion to dismiss the complaint fairly shows what happened. The trial was first adjourned from February 8 to March 1, 1955, on defendant's request. Next followed a series of adjournments at the State's request, because Dr. Tompkins, the State's medical witness, had an extended illness. Then, on February 7, 1956, when Dr. Tompkins was available and the matter ready for trial, defendant's attorney made a written request that the hearing be postponed until such time as defendant would be able to appear in court and be heard. It appears that defendant was then in ill health and in a hospital.
The rules constituting Part VIII of the Rules Governing the Courts of the State of New Jersey, were promulgated for the orderly and efficient administration of municipal court business. As has so often been observed, these are the courts where the overwhelming majority of our citizens have their first and perhaps only contact with the law in action. It is therefore of vital importance that those connected with the administration of municipal courts adhere to the provisions of rules like R.R. 8:4-4. The various adjournments should have been noted on the docket of this case, and a new trial date fixed by the magistrate upon the granting of each *228 adjournment. Although this was not done, the complaint could by no means be considered abandoned or, as was urged at the oral argument, the court be deemed to have lost jurisdiction. The contention is not supported by any authority cited by defendant, nor by any which we have been able to find. His position is clearly contrary to the views expressed by the Supreme Court in State v. Smith, 10 N.J. 84 (1952), where there was a delay of more than six years in holding the trial, and where the court considered the effect of then Rule 2:12-4(b), now R.R. 3:11-3(b).
Proceedings under N.J.S.A. 39:4-50 are quasi-criminal in nature and are to be so conducted as to respect and safeguard the basic rights normally accorded one accused of a criminal offense. State v. McCarthy, 30 N.J. Super. 6, 9 (App. Div. 1954). These rights include the right to a speedy trial. Const. of 1947, Art. I, par. 10. But that right is a personal right, which may be deemed waived if the accused does not demand a speedy trial. State v. Smith, above, 10 N.J., at page 93; State v. Dandridge, 37 N.J. Super. 144, 147-148 (App. Div. 1955).
Defendant as well as the State requested adjournments, so that defendant was in part responsible for the delay in this case. Some of the adjournments were occasioned by defendant's illness, and some by the illness of the examining physician. There was thus present the reasonable necessity for adjournments beyond the ten-day period of which the rule speaks. Adjournments lie within the reasonable discretion of the municipal magistrate, and that discretion was not abused in this case.
Since defendant at no time, when an adjournment was granted, requested the municipal magistrate to fix a trial date, he should not now be heard to complain.
It should also be observed that defendant's appeal to the County Court, and his participation there in a trial de novo on the merits, resulted in a waiver of all defects in the proceedings in the municipal court, other than lack of jurisdiction. R.R. 3:10-10(b); State v. Bierilo, 38 N.J. Super. 581, 584 (App. Div. 1956); State v. Baumgartner, *229 21 N.J. Super. 348, 351 (App. Div. 1952); State v. Hunter, 12 N.J. Super. 128, 131 (App. Div. 1951). Cf. N.J.S.A. 39:5-11.
We do not consider the prosecutor's remark that defendant "left to take the cure" requires a reversal. The argument before the municipal magistrate on defendant's motion to dismiss the complaint concerned itself with the adjournments resulting in a delay in the trial. The prosecutor was reviewing the sequence of adjournments, and his remark was made in the following context:
"Then, when it finally reached the point where it could have gone to trial, the defendant again was not available because he had left the jurisdiction here. If I may take the liberty of saying so, my understanding was that he left to take the cure."
The remark was ill-advised, but we do not consider it prejudicial. The magistrate took special pains, when defendant's counsel objected, to note that whether defendant was taking the cure or not "doesn't make one bit of difference"; "I think it is to a man's credit rather than to his discredit. Why should a court be prejudiced by anything such as that?"
We are, of course, reviewing not the judgment of the municipal court, but that of the County Court, which heard the matter de novo on the same record. State v. Matchok, 14 N.J. Super. 359, 360 (App. Div. 1951). The opinion of the County Court judge makes it entirely clear that in arriving at his determination he paid absolutely no attention whatever to the remark concerning the taking of the cure. There is no reasonable basis upon which we can conclude, contrary to what the judge stated, that he was influenced by the remark.
The judgment of conviction is affirmed.