ALLEN, Judge.
This is an appeal from an order denying a petition for writ of prohibition. Emory Jackson Futch filed a petition seeking to prevent his trial before Bob Johnson, Municipal Judge of Tampa, on a charge of reckless driving.
The grounds for the original petition were that Futch’s trial was begun without a jury April 24, 1957, and that after the city’s first witness, the judge continued the case because certain city witnesses were not available. Futch contended that such continuance over his objection violated the restrictions against double jeopardy.
The circuit court granted an alternative writ of prohibition and then, after hearing, denied the petition. The order read as follows:
“This cause came on to be heard on the petition for a writ of prohibition and on the return to the rule to show cause, and was argued by counsel.
‘‘On consideration whereof, this Court finds that Emory Jackson Futch, the defendant in the Court below, was not placed in former jeopardy when his trial on April 17, 1957 was continued until May 3, 1957, after one witness for the City had testified, in order to allow the City to produce additional witnesses because this Court holds that the continuation of a cause, after the testimony has begun, heard without the presence of a jury in Municipal Court, is within the discretion of the trial judge.
“Therefore, it is ordered by this Court that the petition for a writ of prohibition herein be, and the same is hereby denied.”
Basically, the defendant’s argument is that the municipal judge’s action in this case was equivalent to dismissal of the jury such as is condemned on the grounds of double jeopardy by Florida cases. See Allen v. State, 1906, 52 Fla. 1, 41 So. 593; State ex rel. Manning v. Himes, 1943, 153 Fla. 711, 15 So.2d 613.
The cases cited by the defendant generally involve a holding that jeopardy attaches where a trial is begun before a judge without a jury which were either dismissed by one judge and retried before another judge or dismissed by the judge and retried before a jury, or which involved dismissal or nolle prosequi by the state and a subsequent new information charging the same crime.
In the case of Parrish v. State, 1925, 90 Fla. 25, 105 So. 130, 132, the trial judge sustained defendant’s objection to certain testimony by a State’s witness on the grounds that a certain record was the best evidence. The judge then granted the State’s motion for a continuance until the following day over the defendant’s objection. On appeal, the defendant assigned as error the granting of such motion. The Court, in its opinion, said:
“The method of conducting trials, as to the time of assembling, the recesses of the court, the sending for witnesses, and the introduction of evidence, must be left, in the nature of things, to the sound discretion of the trial court, reasonably exercised, and an appellate court will not interfere un *653 less it clearly and affirmatively appears that some injustice, wrong, or injury has resulted to the accused, or that his rights under the law have been invaded. Clements v. State, 51 Fla. 6, 40 So. 432; Adams v. State, 55 Fla. 1, 46 So. 152; Clinton v. State, 53 Fla. 98, 43 So. 312, 12 Ann.Cas. 150. See, also, section 2689, Revised General Statutes 1920. One charged with a criminal offense is entitled, under the Constitution to a speedy and public trial, but the presumption does not obtain that a continuance of thd case by the court, upon the application of the state, over the defendant’s objection, is a denial of that right. Griswold v. State, 77 Fla. 505, 82 So. 44.
“It appears that the state had been diligent in preparing for trial. Many witnesses were present, most of them from distant points in the county and elsewhere, all being ready to testify. The ruling of the trial court upon the matter stated developed the necessity for the state to procure as evidence a document then in a distant city, in order to conform to the ruling of the trial court as to the proper manner of proving the corpus delicti. Although a trial court, in ordering the trial temporarily deferred, should exercise a sound and reasonable regard for the rights of the defendant in respect to the attendance of his witnesses and all other matters in the presentation of his defense, there appears, in the order assigned as error, no abuse of the discretion reposed in the trial court. The temporary delay does not appear to have injured or worked any hardship upon the defendant, either in respect to the attendance of his witnesses, or otherwise in the preparation or presentation of his defense. If the latter were the case, a different question might be presented. We find no error in the action of the court upon the state’s motion.”
In a recent New Jersey decision, where the defendant’s trial in municipal court had been postponed for over a year, partly at the request of the State and partly at the request of the defendant, the Court held that adjournments in criminal proceedings in a municipal court lie within the reasonable discretion of the municipal magistrate. State v. Hulsizer, 1956, 42 N.J.Super. 224, 126 A.2d 47.
The attorneys for the appellant, in their brief, state that the appellant was brought to trial on Wednesday, April 17, 1957, while the docket of the municipal court shows that the appellant was, in fact, brought to trial on April 24, 1957. Since the continuance of the case was until May 3, 1957, there was actually a lapse of time of about nine days. We cannot say from the facts of this case that there was any prejudice to the defendant by such continuance.
We sustain the circuit judge in his order denying the writ of prohibition.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.