CARROLL, Judge.
Harold Hodges and Gerald D. Keller were charged in an information with larceny.[1] A jury trial resulted in acquittal of Keller and conviction of Hodges. The latter moved for and was granted a new trial on the ground that the evidence was insufficient “in that the State failed to prove the corpus delicti independently of admissions and statements of the defendants.” The state has taken an authorized appeal. § 924.07, Fla.Stat., F.S.A.
The defendants operated a convalescent home. Hodges was the president and operating manager. Keller was the secretary. An aged and senile man named Powell entered the home. Cash in the amount of $2,020 found in and about Powell’s personal effects and in his room was brought by an employee to Hodges, who turned it over to Keller. The next day Keller banked the money, and had it set up on the books of the business as an escrow for Powell.
Ten days later Powell died. In his personal effects (both in his suitcase and in his wallet) the name, address and telephone *362 number of his son in New Jersey were shown. The son was not notified of Powell’s death. Powell was given a pauper’s burial by the county. Several months later the son came to Miami to investigate. He was given his father’s suitcase, wallet and other personal effects. When he asked Hodges if there were any valuables or securities he was told by Hodges there were none. Hodges did not reveal the $2,020 Powell escrow. Later, Hodges told an investigating newspaper reporter that the reason he did not tell Powell’s son about the $2,020 was because the son thought there should have been $5,000 and was upset, and was “on the muscle.” Meanwhile, the Powell money had been checked out and used by the defendants for their own purposes.
Iiodges sold out his interest in the business to Keller, and later when a newspaper ¿investigation brought this matter to light but before the criminal information was issued against Plodges and Keller, Keller redeposited the amount of the Powell escrow in the bank account, and then delivered that sum to the probate court as being the property of the deceased, to be administered as an asset of his estate.
At the trial, the attendant who received the money from Powell’s possession was not produced as a witness. That material fact as. to the origin of the money was established through the introduction into evidence of admissions against interest by Hodges, and by certain other direct and circumstantial evidence.
In support of .its appeal the slate argues (1) that the court was in error in holding that the corpus delicti must be proved independently of any admissions of the defendants, and (2) that the corpus delicti was properly proved by the admissions plus other evidence. Those contentions of the state are meritorious under existing law, and we must reverse the order granting new trial.
In Cross v. State, 96 Fla. 768, 119 So. 380, 384, it was held that while proof of a corpus delicti can not rest upon a confession or admission alone, admissions may be considered and used with other evidence to establish the corpus delicti. And it is logical that admissions should be allowed to supplement other evidence in establishing a corpus delicti. If it was necessary for the corpus delicti to be established completely by other evidence, unaided by any admission or confession, then such admissions or confessions would be wholly valueless with regard to proof of the corpus delicti, and no more than sur-plusage or cumulative evidence of a fact already proved. In Cross v. State, supra, in dealing with this proposition the Supreme Court said:
“The defendant also contends in this court that the corpus delicti was not sufficiently established by evidence other than the fconfession of the defendant so as to render such confession admissible. Although no objection was made to the admissibility of the confession, in view of the gravity of the sentence in this case we have carefully examined the evidence in that respect, but discover no deficiency.
“In larceny the corpus delicti consists of two elements: (a) That the property was lost by the owner, and (b) that it was lost by a felonious taking; and ‘while it cannot be established by the confession of the defendant alone it is the rule that such confessions or admissions may be considered in connection with the other evidence to establish it.’ Groover v. State, 82 Fla. 427, 90 So. 473, 26 A.L.R. [373] 375. It is not essential that the corpus delic-ti, in larceny, should be established by evidence independent of that which tends to connect the accused with the commission of the offense. The same evidence which tends to prove one may also tend to prove the other, so that the *363 existence of the crime and the guilt of the defendant may stand together and inseparable on one foundation of circumstantial evidence. An extrajudicial confession or admission by the accused may be considered in connection with the other evidence, to establish the corpus delicti, although, as stated, the corpus delicti cannot rest upon the confession or admission alone. 17 R.C.L. p. 64; Groover v. State, supra; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.(N.S.) 536. As a prerequisite to the introduction in evidence of a confession of the accused, the corpus delicti need be established only prima facie, though its establishment beyond a reasonable doubt is necessary to support a conviction. Nickels v. State, 90 Fla. 659, 106 So. 479; Parrish v. State, 90 Fla. 25, 105 So. 130; Lee v. State ([96] Fla. [59]) 117 So. 699.”
Also holding that admissions may combine with other evidence to prove the corpus delicti are Williams v. State, Fla.App.1960, 117 So.2d 548, and Harper v. State, Fla. App.1962, 141 So.2d 606. In the latter, in an opinion by Judge Shannon speaking for the second district court of appeal it was said:
“While a statement, or an admission, such as the one set out here, is insufficient standing alone to establish the corpus delicti of the offense, it may be considered along with the other evidence. Williams v. State, Fla.App. 1960, 117 So.2d 548; and Cross v. State, 1928, 96 Fla. 768, 119 So. 380. It is likewise settled in this jurisdiction that the corpus delicti may be established by circumstantial evidence. Shuler v. State, Fla. 1961, 132 So.2d 7.
Moreover, as to the order of proof, and the effect of presenting the admission or ¶ confession first, the Supreme Court, in Parrish v. State, 90 Fla. 25, 105 So. 130, 132, said:
“ * * * In the conduct of the trial, however, the trial court is authorized to regulate the order of the introduction of evidence and the examination of witnesses, and its discretion in such matters will only be interfered with by an appellate court where clearly abused, or the rights of the accused clearly have been injuriously affected. In the sound exercise of such: discretion, evidence may be conditionally admitted and later stricken if not properly connected up. Pittman v. State, 51 Fla. 94, 41 So. 385, 8 L.R.A. (N.S.) 509. Ordinarily a trial court should not permit the introduction of evidence of a defendant’s confession or other evidence of guilt until prima facie proof of the corpus delicti is first given in conformity with the rule as laid down in Lambright v. State, 34 Fla. 564, 16 So. 582, and Gantling v. State, 41 Fla. 587, 26 So. 737. Yet, if the confession be admitted prior to such proof and additional proof of the corpus delicti is afterwards introduced, independent of the confession, which prima facie establishes the corpus de-licti and would have justified the admission of such confession, the technical error in prematurely admitting the confession will be cured. Holland v. State, 39 Fla. 178, 22 So. 298; Anthony v. State, 44 Fla. 1, 32 So. 818; Hall v. State, supra [31 Fla. 176, 12 So. 449] ; Pittman v. State, supra.” See also Stoutamire v. State, 133 Fla. 757, 183 So. 316, 318.
Here, in addition to such admissions there was other evidence sufficient to establish the corpus delicti prima facie. Such other evidence included the showing that the money appeared the day Powell arrived; that it was treated by Hodges and Keller from the outset as coming from Powell; that Keller deposited the money *364 the day after Powell arrived; and that Keller set it up on the books as an escrow in Powell’s favor; and the later action of Keller in returning the sum to the bank following an investigation, months after it had been withdrawn, and then paying it into the probate court as an asset of Powell’s estate.
For the reasons stated we hold the able trial judge committed error in entering the order appealed from. The order granting Hodges’ motion for new trial is reversed, and the cause is remanded for reinstatement of the verdict against Hodges and for further proceedings not inconsistent herewith.
Reversed and remanded.

. The information stated the defendants “did then and there unlawfully and feloniously take, steal, and carry away the money, goods and chattels of one Joseph O. Powell and his heirs at law, WiHiam J. Powell and George Berg, to-wit: Two Thousand and Twenty ($2,-020) Dollars, good and lawful money of the United States of America, a further and more particular description of said money, goods and chattels being to the State Attorney unknown being then and there of the value of more than One Hundred Dollars ($100.00) good and lawful money of the United States of America.”