SACK, Judge.
The appellants were convicted of grand larceny and conspiracy to commit grand larceny, arising from their alleged operation of a confidence game. In the operation of this particular confidence game the operators persuade the victim that they have found a large sum of money in an exhibited poclcetbook purportedly left in a telephone booth, and they will permit the victim to participate in the find if she can demonstrate that she has funds of her own to turn over to them for mutual investment as evidence of her “good faith” in the venture. After obtaining the victim’s money, the operators then disappear.
In this case the physical operation of the game was conducted by the defendants Agnes White and Erminay Cannon, and the defendant Manuel was their confederate. The evidence consisted of the testimony of the arresting officers, who had observed the entire operation of the particular game here involved, the testimony of the victim, alleged extrajudicial confessions or admissions made by the defendants to the police officers, and the victim’s money and the pocketboolc used in the game, taken from the defendants. The police had acted on information from a prior intended victim.
It is urged firstly that the trial court erred in failing to grant the defendant Manuel’s motion for severance and separate trial. This is claimed to he raised by assignment of error No. 1. However, assignment of error No. 1 has nothing to do with the motion for severance, and, in fact, we find no such motion either at the transcript pages indicated in appellants’ brief, nor anywhere else in the record. Accordingly, we have nothing to consider here.
Secondly, it is urged that the trial court committed reversible error in admitting the admissions and confessions of each of the defendants because (a) the defendants at the time of interrogation were not effectively advised of their right to remain silent and were not provided counsel, and (b) that at the time of the introduction of the admissions and confessions there was insufficient proof of the corpus delicti as a predicate for the introduction of the admissions.
The police officers testified positively that at the time of the defendants arrest, and before interrogation, they advised each of the defendants of her or his right to remain silent and further advised them that they were entitled to counsel, which was refused. The defendants denied the officers’ testimony and asserted to the contrary. The court elected to believe the officers, so that the situation on this point was controlled by Montgomery v. State, 176 So.2d 331 (Fla.1965), distinguishing extrajudicial confessions, freely and voluntarily made, from the holding of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.
On the second aspect of this contention, it is well settled that a confession many be conditionally received, subject to the production of independent evidence establishing prima facie corpus delicti. Hodges v. State, 176 So.2d 91 (Fla.1965). In our view, the independent testimony of the police officers, excluding their version of the confessions and admissions, together with the testimony of the victim and the production of the physical evidence was sufficient to establish the corpus delicti, considering the nature of the crime, and this evidence cured any technical error in prematurely admitting the confession. Parrish v. State, 90 Fla. 25, 105 So. 130 (1925).
Finally, it is contended that reversible error was committed in denying *3 the defendants’ motion to suppress the evidence of the victim’s currency removed from the defendant Cannon, and the poclc-etbook used in the scheme taken from the vehicle owned by the defendant Manuel. However, the police officers testified that the defendant Cannon voluntarily handed them the money which had been received from the victim, and that Manuel had furnished them with the key and permission to search the automobile. The evidence on this point was sufficient, in our opinion, to sustain the trial court’s denial of the motion to suppress.
Finding no error, the judgment below is affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.