243 So.2d 171 (1971)
Carmelo DARRIGO, a/k/a Charles Darrigo, Appellant,
v.
STATE of Florida, Appellee.
No. 70-123.
District Court of Appeal of Florida, Second District.
January 20, 1971.
*172 Louis de la Parte, Jr., Tampa, for appellant.
Robert L. Shevin, Atty. Gen., and John A. Zebedee, Asst. Atty. Gen., Tallahassee, for appellee.
PIERCE, Chief Judge.
Appellant Carmelo Darrigo, also known as Charles Darrigo, brings to this Court his appeal from the judgment and sentence entered by the Criminal Court of Record for Hillsborough County pursuant to a jury trial and conviction of Darrigo upon information charging him with lottery law violations.
On July 23, 1969, information was filed in said Court charging Darrigo in two counts. Count 1 charged him with unlawfully aiding and assisting in the setting up, promoting or conducting of a lottery, known as Bolita, Cuba and/or Bond. Count II charged him with having in his possession a certain wheel, implement or device, being a part of the paraphernalia for conducting the aforesaid lottery.
Darrigo filed motion to dismiss the information, which was denied. He filed motion for statement of particulars, which was granted in part and denied in part. He filed motion for production of statements or confessions, which was granted. On trial before a jury Darrigo was convicted on both counts. Upon denial of motion for new trial Darrigo was adjudged guilty as charged and was sentenced to a term in the State Prison on the first count, with sentence being deferred on the second count.
Darrigo has appealed to this Court and argues four points for reversal, viz.: (1) sufficiency of the evidence; (2) introduction of statements or admissions of Darrigo without sufficient proof of the corpus delicti; (3) introduction of the admissions or statements after the Court had previously ordered the State to furnish copies thereof to defense counsel, which the State had not done; (4) seizure of certain articles after search of defendant, without production of the alleged search warrant. We hold against Darrigo on all four items but will briefly discuss them seriatim.

(1) Sufficiency of the Evidence.

The evidence was amply sufficient to sustain the verdict and judgment. There was a significant piece of documentary evidence in the form of a sheet of paper, approximately 8 1/2 inches by 5 inches, containing three long rows of figures, opposite which in many instances were names or initials. This was obviously a lottery sales slip, and was so identified and designated by expert sworn testimony. When he was arrested a large quantity of $1.00 bills was on his person. Prior to his arrest while he was under surveillance he would make fast *173 trips to various business establishments from his car and back to his car again.
Before his arrest the officers had procured a search warrant for search of his person and when the officers first approached him on a Tampa Street and while the search warrant was being read to him he removed his wallet from his left rear pocket, tossed it behind him where it hit a vehicle, thence landing on the ground between him and the officer. A white slip of paper had partially slipped out of the wallet, and the officer put his foot on it. He continued reading the warrant to Darrigo, whereupon Darrigo made a "spontaneous utterance": "you don't have to read any more. You got me. You are too smart for me". Then, referring to the wallet and slip of paper under the officer's foot he said in effect: "I shouldn't have done that, that was the worst thing I could have done". The slip of paper was the lottery sales slip before referred to. While riding with the officers to the jail Darrigo gratuitously stated that he was "trying to make a living", that he "was not selling dope", and "they should legalize bolita". He also told the officers that he realized the officers "had a job to do".
The foregoing is abundantly sufficient to sustain the finding of guilt by the jury.

(2) Introduction of Statements or Addmissions of Darrigo Without Sufficient Proof of the Corpus Delicti.

When the confession or admissions against interest were offered in evidence by the State objection was made that the corpus delicti had not been established, but the trial Court reserved ruling on the objection and allowed the State to proceed. Thereafter, the corpus delicti was abundantly established, thus complying with the rule announced in Groover v. State, 1921, 82 Fla. 427, 90 So. 473; Hodges v. State, Fla. 1965, 176 So.2d 91, and Parrish v. State, 1925, 90 Fla. 25, 105 So. 130.

(3) Introduction of the Admissions or Statements After the Court Had Previously Ordered the State to Furnish Copy Thereof to Defense Counsel, Which the State had not done.

The State produced evidence of statements against interest made by Darrigo to the officers of a spontaneous or gratuitous nature soon after his arrest. The officers made informal notes of their own as to such statements but made no attempt or pretense to reduce said notes, either then or thereafter, to a verbatim statement or statements of Darrigo. Such non-verbatim notes, in and of themselves, do not constitute substantive evidence, subject to discovery under Rule 1.220 of the Rules of Criminal Procedure, 33 F.S.A., but on the other hand are in the category of the work product of the officer. As such, such notes are not such "written or recorded statements or confessions" which, under Rule 1.220, may be inspected, copied, or photographed by the defendant.

(4) Seizure of Certain Articles After Search of Defendant Without Production of the Alleged Search Warrant.

The search warrant was not extrinsic evidence of itself. It merely constituted the legal medium by which the fruits of the search could be seized and later introduced as evidence at the trial. Darrigo never at any time interposed a motion to suppress as evidence the articles seized as a result of the search, pursuant to Rule 1.190(h) of the Rules of Criminal Procedure, or a motion to dismiss the information under Rule 1.190(b) based upon the facts surrounding the search warrant. In such event the State might have been required to produce the search warrant.
On the other hand, Darrigo merely interposed a general objection during the trial to any evidence concerning the search and the fruits thereof. Actually Darrigo never properly objected to the State's failure or refusal to introduce it. F.S. § 924.11(3) F.S.A. General objections to evidence or lack of evidence are insufficient. Precise, or at least identifiable, grounds *174 must be stated to enable the trial Court initially to intelligently rule thereon. And in the absence of such specific grounds the objections are generally not open to review upon appeal. Koran v. State, Fla.App. 1968, 213 So.2d 735.
This disposes of the points raised here for reversal. Inasmuch as they have all been resolved adversely to Darrigo, the judgment appealed must be and is 
Affirmed.
HOBSON and McNULTY, JJ., concur.