PIERCE, Chief Judge.
Appellant David Kinney was found guilty of first degree murder, with a recommendation of mercy, and sentenced to life imprisonment. The record shows that six prospective jurors, who were excused for cause, responded that they would not under any circumstances render a verdict that would impose the death penalty and would automatically recommend mercy. Kinney first contends that the lower court committed reversible error by the exclusion of the veniremen opposed to the death penalty, relying on Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 776 (1968).
Kinney did not receive the death penalty, and produced no evidence to show that the jury was “prosecution prone.” He is, therefore, not entitled to complain that the jury was selected in violation of Wither-spoon. Witherspoon, supra; Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797; Cunningham v. Beto, 5th Cir. 1971, 440 F.2d 1331. In addition, Witherspoon explicitly states that it does not prohibit the exclusion of venire *268 men whose attitude toward the death penalty prevents them from making a determination of guilt with impartiality. Williams v. State, Fla.1969, 228 So.2d 377; Paramore v. State, Fla.App.1971, 251 So.2d 344.
The other points raised by appellant have been carefully considered and the judgment is affirmed on authority of Darrigo v. State, Fla.App.1971, 243 So.2d 171; Sims v. State, Fla.App.1966, 184 So.2d 217; Reddish v. State, Fla.1964, 167 So.2d 858 and Constantino v. State, Fla.App.1969, 224 So.2d 341.
Affirmed.
LILES and HOBSON, JJ., concur.