537 So.2d 178 (1989)
The STATE of Florida, Appellant,
v.
Stephanie SIPE, Appellee.
No. 88-505.
District Court of Appeal of Florida, Third District.
January 17, 1989.
*179 Robert A. Butterworth, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellant.
Harvey N. Shenberg, Miami, for appellee.
Before SCHWARTZ, C.J., BASKIN. J., and ROBERT C. SCOTT, Associate Judge.
BASKIN, Judge.
The state challenges the circuit court's order prohibiting resumption of trial proceedings in the county court on double jeopardy grounds. We reverse.
According to the petition for writ of prohibition filed in the circuit court, defendant Sipe was arrested and charged with driving under the influence in violation of section 316.193, Florida Statutes (1986). At trial, the state called the arresting officer as its first witness. The officer testified about the circumstances surrounding the stop of defendant Sipe's car, and her inability to complete field sobriety tests. The state then attempted to introduce into evidence a videotape of the described events. When counsel played the tape for the court, it became apparent that the tape indicated the date of the offense was March 19th, whereas the arresting officer had testified that the events took place on March 20th. Defense counsel made a motion to suppress the tape as immaterial and irrelevant. The trial court granted the motion to suppress, but instead of dismissing the case, allowed the state an opportunity to file an appeal. The trial court reset the case for report, without objection from defendant Sipe's counsel.
On the same day that the trial court granted the motion to suppress, the state informed the court that it could not appeal the order of suppression. The trial court stated: "Okay, we will continue it. Contact defense counsel." The trial court resumed the trial four weeks later. At that time, defendant Sipe requested dismissal, alleging that further proceedings would subject her to double jeopardy. The prosecution objected, stating that at the time the state had informed the trial court that it could not appeal, the court had said it would continue the case. The trial court denied the motion to dismiss. Defendant Sipe filed a petition for writ of prohibition in the circuit court, based on the double jeopardy argument. The circuit court issued the writ on the ground that the trial court had not declared a recess, but, instead, had terminated the trial. The state filed this appeal.
We agree that the circumstances do not entitle defendant Sipe to double jeopardy protection. In a non-jury trial, jeopardy attaches when the judge begins to hear evidence. Rawlins v. Kelley, 322 So.2d 10 (Fla. 1975); Bernard v. State, 261 So.2d 133 (Fla. 1972). Once a defendant has been placed in jeopardy, the state is prohibited by Article 1, Section 9 of the Florida Constitution and by the fifth amendment of the United States Constitution from prosecuting the accused a second time for the same offense. Carawan v. State, 515 So.2d 161 (Fla. 1987). Double jeopardy protection does not bar resumption of the same proceeding after a continuance, as long as no prejudice to the accused results. Webb v. Hutto, 720 F.2d 375 (4th Cir.1983), cert. denied, 465 U.S. 1080, 104 S.Ct. 1444, 79 *180 L.Ed.2d 764 (1984); State ex rel. Futch v. Johnson, 102 So.2d 651 (Fla.2d DCA 1958); see generally Parrish v. State, 90 Fla. 25, 28, 105 So. 130, 132 (1925) ("The method of conducting trials ..., must be left, in the nature of things, to the sound discretion of the trial court, reasonably exercised, and an appellate court will not interfere unless it clearly and affirmatively appears that some injustice, wrong, or injury has resulted to the accused, or that his rights under the law have been invaded.").
Although the trial court continued defendant Sipe's trial to permit the state to appeal the order suppressing the videotape, when the state informed the court that it could not appeal the order, the trial court indicated it would "continue the case and hear the rest of it." (emphasis supplied). We conclude that the first trial did not end, and defendant Sipe was not placed in double jeopardy. Additionally, defendant Sipe has not alleged that she suffered any prejudice from the trial court's action. For these reasons, we reverse the circuit court's ruling and remand the cause to the trial court for further proceedings.
REVERSED AND REMANDED.