PER CURIAM.
Claiming he was subjected to double jeopardy, R.M. appeals his adjudication of delinquency. We affirm.
R.M. and D.S. were being tried together for attempted robbery and aggravated battery. At trial, when the detective who arrested D.S. was asked where the arrest took place, he replied in effect, that he had learned D.S. was already in custody by another officer for an unrelated charge. D.S.’s counsel moved for mistrial. Mistrial was granted but it was not clear whether the mistrial went to one or both of the juveniles. Minutes later the juveniles appeared before a second judge. Without restating the specific statement for which the mistrial was granted, R.M.’s counsel pointed out to the second judge what had just transpired and his uncertainty as to his client’s status in this scenario. Thereupon the first judge was immediately contacted, at once appeared, and after a brief discussion, stated she would immediately “finish” R.M.’s trial. There was no new beginning as to this litigant, and at the conclusion of the case against R.M., the juvenile was found guilty of both delinquent acts charged.
In a non-jury trial, jeopardy attaches when the judge begins to hear evidence. State v. Sipe, 537 So.2d 178 (Fla. 3d DCA1989). Once a defendant has been placed in jeopardy, the state is prohibited by article I, section 9 of the Florida Constitution from prosecuting the accused a second time for the same offense. Double jeopardy protection does not bar resumption of the same proceeding after a continuance, as long as no prejudice to the accused results. Sipe, 537 So.2d at 178. See State ex rel. Futch v. Johnson, 102 So.2d 651 (Fla. 2d DCA1958). Double jeopardy exists when the second event involves a completely new beginning, i.e., when the second proceeding takes place before a new trier of fact, whether that be a different judge or jury, or the same judge starting with a clean slate. Webb v. Hutto, 720 F.2d 375 (4th Cir.1983), cert. denied, 465 U.S. 1080, 104 S.Ct. 1444, 79 L.Ed.2d 764 (1984). The instant record indicates the trial was continued, with the judge’s stated purpose to “finish” the trial as to R.M. Therefore, we conclude that the juvenile’s right against double jeopardy was not violated.
Accordingly, the order under review is affirmed.