[No. 18738.   Department Two.   February 17, 1925.]

# THE STATE OF WASHINGTON, *Respondent,* v. JOHN EMIL NELSON, *Appellant.*[1]

CRIMINAL LAW (358)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE —DILIGENCE.  A new trial for newly discovered evidence is properly denied where it was merely cumulative, and could have been discovered before the trial by due diligence.

SAME (93)—EVIDENCE—ADMISSIBILITY.  In an action for an assault in which the complaining witness was cut with a sharp instrument it is proper to ask him if he owns a razor or a knife.

WITNESSES (65)—EXAMINATION—VOLUNTARY STATEMENTS—WAIVER OF OBJECTIONS.  In a prosecution for assault, error cannot be assigned on a voluntary statement of the prosecuting witness that the defendant should have been sent to the pen before, where there was no motion to strike.

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—EVIDENCE.  Error cannot be assigned on a hearsay statement where, on that fact appearing, it was stricken out.

TRIAL (14)—CONDUCT—REMARKS OF JUDGE.  Error cannot be assigned on the trial court's caution of counsel, where counsel's manner invited it and he acquiesced therein.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 24, 1923, upon a trial and conviction of assault.  Affirmed.

*Wm. Phelps Totten,* for appellant.

*Malcolm Douglas* and *Ralph Hammer,* for respondent.

MITCHELL, J.—John Emil Nelson was convicted of the crime of assault in the second degree, committed upon the person of Arthur Nelson, and has prosecuted an appeal from the judgment against him.

The first assignment is that the court erroneously denied a motion for a new trial on the ground of newly

[1]Reported in 233 Pac. 12.

discovered evidence. Two answers may be made to the contention. First, the so-called newly discovered evidence was cumulative under the decision in the case of *O'Toole v. Faulkner*, 34 Wash. 371, 75 Pac. 975; and second, it satisfactorily appears from the cross examination of the state's witnesses that at and before the trial appellant's counsel was aware of the existence of such additional evidence.

The second assignment is that the evidence was not sufficient to justify the verdict and judgment. Of this we need not speak further than to say there was an abundance of evidence to justify the verdict, although in nearly or quite all essentials it was controverted by evidence on the part of the appellant.

The third assignment is that the complaining witness, Arthur Nelson, was permitted to answer, over appellant's objection, the prosecuting attorney's question whether appellant "owns a razor or a knife." The testimony already showed that, in the altercation between the parties, the complaining witness was cut with some sharp instrument, such as a razor or a knife, and therefore the question was entirely proper.

The fourth assignment is that the same witness, in speaking of the appellant, volunteered the statement that he "should have been sent to the pen before, that is the place for him. When he was home he was in the pen." There was no error in this. It was volunteered while the witness was being cross-examined by counsel for appellant, who did not ask to have it stricken, but, on the contrary, still further pressed the subject by asking, "Your brother is a criminal, is he?" To which answer was made, "I never knew him any other way."

The next assignment calls in question a statement of the same witness under cross-examination, on the ground that it was hearsay. The record shows that,

upon it appearing to be hearsay, it was, upon motion of counsel for appellant, stricken and the jury instructed to disregard it.

The next assignment relates to a remark or caution of the court in sustaining an objection on the ground of improper cross-examination to a question asked a young girl while testifying on behalf of the state. It is manifest from the question, and a number of others immediately preceding it, that counsel by his manner invited or gave occasion for the caution by the court, and that counsel for appellant acquiesced in the rebuke.

Another assignment is that the court commented on the facts. Without setting out all of the record necessary to fairly present the situation, it may be said that it is doubtful if the facts can be so dignified. It was a comparatively unimportant matter, clearly not calling for a reversal under any view of it, that was fully covered and taken care of in the court's general instructions to the jury.

The last assignment is that the sentence imposed is excessive. It is within the penalty provided by statute, and considering the facts proven in the case, as to the manner and extent of the assault and injury, we find no occasion to interfere in this respect.

It is but fair to state that, in the trial of this case, appellant was not represented by his present counsel.

Judgment affirmed.

FULLERTON, MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.