**WILLIAMS v. UNITED STATES.**
No. 7536.

United States Court of Appeals for the District of Columbia.

Decided Feb. 26, 1940.

Myron G. Ehrlich, of Washington, D. C., for plaintiff in error.

David A. Pine, U. S. Atty., and Albert Goldstein, Asst. U. S. Atty., both of Washington, D. C., for defendant in error.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

The Code forbids "any person to invite * * * any person * * * in or upon any avenue, street, road, highway, open space, alley, public square, or inclosure in the District of Columbia, to accompany * * * her * * * for the purpose of prostitution, or any other immoral or lewd purpose."[1] This condemns solicitation in places of certain sorts.[2] Defendant was convicted on an information which does not charge that she acted in any such place, but charges merely that she did "unlawfully invite * * * for the purpose of prostitution" in the District of Columbia. Therefore it charges no crime. This defect cannot be cured by verdict. United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516. Cf. Ainsworth v. United States, 1 App.D.C. 518, 523.

Even if the information were valid, the conviction would not be, for there was no proof that defendant's purpose was among those which the statute prohibits. The government's evidence was that she approached a policeman's car on a certain street and "asked him if he wanted a date;" that he answered yes; that she asked if she should get in the car, and he answered yes; that she got in the car and asked "if he wanted to drive and talk." Defendant's purpose was at worst ambiguous. There was no evidence that the parties were strangers to each other; and even if they were, the proposed "date" did not necessarily include prostitution.

Reversed.

[1] D.C.Code, Supp. V, 1939, Tit. 6, § 177a.

[2] Cf. Bailey v. United States, 69 App. D.C. 25, 27, 98 F.2d 306.