## HAROLD ASTRACHAN v. STATE OF FLORIDA

28 So. (2nd) 874          January Term, 1947
January 31, 1947          Special Division A

*William J. Pruitt, A. J. Kaplan* and *Parker & Foster,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

A. J. Daoud & Son, jewelers of Miami Beach, Florida, prior to March 14, 1946, had for sale on consignment from Nelkin, a New York City jeweler, a large and valuable quantity of jewelry. The New York firm, in March, 1946, requested of Daoud & Sons a return to them in New York of certain de-

scribed jewelry valued at approximately $45,000.00. The return to New York could be had either by parcel post or by Railway Express. After a telephone call or two to the Railway Express by Daoud & Son, the appellant, dressed in the uniform of a Railway Express employee, wearing a badge, with a pistol buckled about his person, went to Daoud & Son's at Miami Beach and there gave an Express receipt for and departed with the jewelry, ostensibly to be transported to the consignee in New York City. An inquiry was precipitated when the jewelry was not delivered in New York.

F. B. I. Agents surrounded the home of appellant in Miami and with his consent searched both his home and automobile. None of the jewelry was found, but they found currency in the sum of $6,580.00 in the home, and a book of Railway Express receipts. A card found in the appellant's automobile disclosed the telephone number of a Miami Express office. The appellant had been employed as a taxi driver and salesman, and confronted with the possession of $6,580.00, explained that he made this money at the dog tracks. Subsequent to March 14, 1946, he tried to sell on two occasions diamonds at Hollywood, Florida, having a similarity to some of those delivered to him by Daoud & Son for transportation to New York in March, 1946.

An information charging the crime of grand larceny was by the County Solicitor of Dade County, Florida, filed against the appellant. On arraignment he entered a plea of not guilty, and, being placed on trial before a jury, was found guilty. A motion for a new trial was made and denied, when the trial court imposed a sentence of five years at hard labor in the State Prison. The appellant during the progress of the trial did not take the witness stand nor offer any evidence in his behalf, but contended by his motion for a directed verdict that the State had failed to establish by competent evidence the material allegations of the information.

The prosecution offered in evidence over the timely objection of counsel for defendant currency in the sum of $6,580.00 found by the F. B. I. Agents when they searched the home of the appellant. On this appeal it is suggested that this ruling was prejudicial and constitutes reversible error.

Authorities are cited to sustain the conclusion, which we have carefully studied and analyzed. The answer to the contention is the ruling of this Court in the case of Mobley v. State, 41 Fla. 621, 26 So. 732, when we, in part, said:

"The rule with reference to the admissibility of indirect, collateral, or circumstantial evidence is that 'great latitude is to be allowed in the reception of indirect, or circumstantial evidence. It includes all evidence of an indirect nature, whether the inferences afforded by it be drawn from prior experience, or be a deduction of reason from the circumstances of the particular case, or of reason aided by experience. The competency of a collateral fact to be used as the basis of legitimate argument, as not to be determined by the conclusiveness of the inferences it may afford in reference to the litigated fact. It is enough if these may tend, even in a slight degree, to elucidate the inquiry, or to assist, though remotely, to a determination probably founded in truth.' . . ."

See Reynolds v. State, 52 Fla. 409, 42 So. 373; Thompson v. State, 58 Fla. 106, 50 So. 507, 19 Ann. Cas 116; Thomas v. State, 85 Fla. 113, 95 So. 752; Parrish v. State, 90 Fla. 25, 105 So. 130; Milligan v. State, 109 Fla. 219, 147 So. 260.

Affirmed.

THOMAS, C. J., TERRELL, J. and FABISINSKI, Associate Justice, concur.