## CURRAN v. UNITED STATES.
### No. 475.

Municipal Court of Appeals for the
. District of Columbia.

March 5, 1947.

[5] Davis v. City of Rome, 23 Ga.App. 188, 98 S.E. 231; Calwell v. Boone, 51 Iowa 687, 2 N.W. 614, 33 Am.Rep. 154; Peters v. Lindsborg, 40 Kan. 654, 20 P. 490.

Harold F. Hawken, of Washington, D. C., for appellant.

John P. Burke, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and Andrew J. Howard, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Defendant appeals from a conviction on a charge of soliciting prostitution. D.C. Code 1940, § 22—2701. The circumstances surrounding the arrest were as follows: A police officer attached to the vice squad, testified that about 3:00 a. m. of the day of arrest he was in plain clothes and walked past the defendant who was talking to a soldier near a downtown hotel; that defendant smiled at him as he passed her; that he stopped a short distance away "to see what was going to happen"; that defendant left the soldier, approached the officer and commenced the conversation, saying she knew how "to get rid of those soldiers." In response to a question, "How?" she said by asking them for something they haven't got, and then she said "something about a new dress," or "the price of a new dress." The officer then asked her: "How much is that?" Defendant responded: "Thirty-five dollars," and then said: "Do you want to go up to my apartment? You look like a nice fellow." The officer asked her the location of her apartment, and she replied, "Come on up Tenth Street." The officer and the defendant then walked up Tenth Street in the direction of defendant's apartment. While they were walking, defendant said she wanted a new dress and that it would cost $35. The officer asked her what he would get and she said she would give him some "loving." When the officer asked a direct question as to the method to be used, she answered in a manner clearly indicating that prostitution was the only subject under discussion. The officer then asked her if she would not reduce the price to $20, and defendant stated: "No; $35." When they reached the door of her second floor apartment, the officer placed her under arrest.

Defendant's version of what occurred contradicted that of the officer in many particulars, but she admitted she approached the officer and commenced the conversation and that he accompanied her to the door of her apartment. To affect defendant's credibility,[1] there was evidence that she previously had been convicted twice for solicitation and once for keeping a disorderly house.

Defendant assigns as error that the testimony was not sufficient to support the conviction, contending that the testimony indicated the police officer, not the defendant, did the soliciting.

To establish the offense it is not necessary to prove any particular language or conduct. Ordinarily it is a question of fact whether the acts and words of the defendant, viewed in the light of surrounding circumstances, constitute the inviting or enticing prohibited by the Act. The circumstances and conversation as related by the officer provided a sufficient basis for a finding that the offense of solicitation had been proven.[2]

The testimony of the police officer and of the defendant posed a square con-

---

[1] D.C.Code 1940, 14—305.

[2] Cf. Williams v. United States, 71 App. D.C. 377, 110 F.2d 554; Hall v. United States, D.C.Mun.App., 34 A.2d 631.

flict in the evidence. The determination of this conflict, depending as it did upon the credibility of the witnesses and the inferences to be drawn therefrom, was a question for the trial judge. We can not substitute our judgment for that of the trier of the facts where there is substantial evidence to support its findings. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9.

Affirmed.