Rita GOLDEN, Appellant,

v.

UNITED STATES, Appellee.

No. 2630.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 16, 1960.

Decided Feb. 8, 1961.

Barrington D. Parker, Washington, D. C., with whom George A. Parker, Washington, D. C., was on the brief for appellant.

Robert Brewer Norris, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

2. Harrison v. Mortgage Inv. Co., 1932, 61 App.D.C. 155, 58 F.2d 881; 1 Tiffany, Real Property § 109 (3d ed. 1939).

HOOD, Associate Judge.

This appeal is from a conviction on a charge of solicitation for the purpose of prostitution.[1]

The testimony of the arresting officer was that at about 9:30 p. m. he was standing outside a local hotel when he was approached by appellant. She asked if he was looking for a girl to have some fun, and also whether he could afford $20. He asked what she meant and she replied "she would do anything, show him a good time, and make it worth his while." He replied affirmatively and agreed to pay her $20. She asked where they could go, and he replied he had a hotel room and gave her its number. She left, saying she would go up the back way and meet him.

The officer then went to a fellow officer stationed nearby and received from him $20 in marked money, and then went to the hotel room where he was joined by appellant. In the room he gave her the $20 which she placed in her shoe, and she then partially undressed. The fellow officer, having observed appellant enter the hotel room, waited a short time and then entered. He found appellant partially undressed, asked her where the money was, and when she took it from her shoe he verified it as the money previously marked. Appellant was then arrested.

Appellant contends that the foregoing evidence was insufficient to support the conviction. Her argument is that if solicitation occurred, it took place in the conversation outside the hotel, and that because there was no mention in the conversation of a sex act, it is unreasonable to construe the conversation as a solicitation for the purpose of prostitution. She argues that the conversation amounted to "nothing more than frivolous banter and inconsequential flirtation," citing Williams v. United States, 71 App.D.C. 377, 110 F.2d 554.

We cannot accept this argument. In Curran v. United States, D.C.Mun.App.,

52 A.2d 121, 122, we said: "To establish the offense it is not necessary to prove any particular language or conduct. Ordinarily it is a question of fact whether the acts and words of the defendant, viewed in the light of surrounding circumstances, constitute the inviting or enticing prohibited by the Act." We have no hesitancy in holding that the trial court was fully justified in finding that the conversation amounted to a solicitation for the purpose of prostitution; and if there could be any doubt as to the intent and purpose of the conversation, such doubt would be completely laid to rest by appellant's conduct following the conversation.

Affirmed.

1. Code 1951, § 22-2701, Supp. VIII.