PER CURIAM.
The appellant was adjudged guilty after a jury trial upon a charge of grand larceny. The information was framed pursuant to § 811.201 Fla.Stat., F.S.A., which includes larceny by making a false representation.
*466 Appellant’s main thrust on this appeal is that the State failed to prove a prima facie case in that it failed to prove a false representation in reliance upon which another person parted with money or property. There is evidence in the record to support a finding of guilty. The jury could have found, upon evidence presented, that the appellant procured a title to a wrecked automobile; the title was falsified to show a purchase from a nonexistent corporation; a false claim was made stating that the automobile had been stolen, and that the claim was paid pursuant to the false claim. Under these facts, the representation that the wreck was an insurable automobile and that it been stolen, were sufficient representations upon which to base the conviction when coupled with the payment by the insurance company. The fact of the claim and the payment of the claim, together with the other evidence, established the fraud without a direct statement that the claim was paid in a reliance upon a particular representation. Cf. Henson v. State, 140 Fla. 412, 192 So. 163 (1939); Astrachan v. State, 158 Fla. 457, 28 So.2d 874 (1947).
Appellant’s second point urges that he is entitled to a new trial because of unfair and prejudicial cross examination of the defendant by the State. It is clear that upon an election to take the stand in his own defense, a defendant is subject to the wide latitude of cross examination exactly as any other witness is subject to cross examination. Ivey v. State, 132 Fla. 36, 180 So. 368, 369 (1938).
We have carefully read the record of the cross examination of the appellant, and we conclude that appellant’s contention that he was denied a fair trial because the jury was lead to infer facts not in evidence, is not substantiated by the record. In particular, it is urged that a question as to previous insurance claims was susceptible to an inference that the State had evidence of other presumably fraudulent claims. The defendant stated that he was in the used car business and that thefts had frequently occurred in this enterprise. In this state of the record, we cannot say that the evidence elicited was for the purpose of degrading the character of the accused.[1] It appears that the question was not for the purpose of prejudicing the minds of the jury, but rather, was relevant to the issue on trial.
Affirmed.

. For a discussion of so-called similar fact evidence which tends to reveal the commission of a collateral crime, see Williams v. State, Fla.1959, 110 So.2d 654; cert. den., 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86; Horner v. State, Fla.App.1963, 149 So.2d 863; The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954, and, The Rule of Exclusion of Similar Fact Evidence: America 51 Harv.L.Rev. 988.