MANN, Judge.
The sign on the tavern said “Dew Drop Inn” and the appellant did, according to the court whose judgment is before us for review. He was convicted of breaking and entering a building other than a dwell *36 ing house with intent to commit a misdemeanor, and appeals.
A window frame had been twisted, a screen pushed back and from the tavern owner’s inventory were missing four cartons of Pall Malls, two six-packs of Pabst and three quart bottles of bourbon, one each of Old Grand-Dad, Early Times and J. W. Dant. Found outside the building were one six-pack of Pabst and a tag marked “OGD” in the owner’s handwriting, which he identified as an inventory control marking. Found in the accused’s car were two empty Pabst bottles, three cartons of Pall Malls, a quart bottle of Early Times with a tag marked “ET” in the owner’s handwriting, a quart bottle of J. W. Dant with a tag marked “JWD” in the owner’s handwriting and a quart bottle of Old Grand-Dad with no tag. Found in the accused’s bedroom was an opened carton of Pall- Malls. The owner identified the inventory tags on the whisky. He couldn’t say for sure whether the Pabst beer and the Pall Mall cigarettes were the ones missing from his tavern. Appellant claims a legal insufficiency in this evidence. He is wrong.
The trial court is allowed great latitude in the reception of circumstantial evidence, allowing the jury to make reasonable inferences from it. Relevance is not determined by conclusiveness of inference; it is enough that it may tend even slightly to elucidate the inquiry. Astrachan v. State, 1947, 158 Fla. 457, 459, 28 So.2d 874, 875; Cannon v. State, 1926, 91 Fla. 214, 219-220, 107 So. 360, 363; Mobley v. State, 1899, 41 Fla. 621, 624, 26 So. 732, 733. Furthermore, it is sufficient that its relevance appear upon consideration with other evidence in the case. Parrish v. State, 1925, 90 Fla. 25, 34, 105 So. 130, 133-134; Thompson v. State, 1909, 58 Fla. 106, 109, 50 So. 507, 509. Ample relevance is apparent here, and the trial court did not err in admitting this evidence.
Appellant alleges that the trial court erred in permitting the prosecution to have the unbroken six-pack of beer marked for identification, to adduce testimony regarding it, and then to withdraw it. This was said to be so prejudicial as to cause the defendant to waive the jury and submit the case to the judge. It is doubtful that the appellant was prejudiced by this display, but since his counsel did not object to the display or move for mistrial he will not be heard to complain in this court.
Appellant assigns as error the admission of evidence obtained through what he claims was unlawful search and seizure. This question should have been, but was not, raised by motion to suppress prior to trial. Kelly v. State, Fla.App. 1967, 202 So.2d 901, 903-904; Moffett v. State, Fla.App. 1965, 179 So.2d 408, 411-413.
The record disclosing no error, the judgment of the court below is affirmed.
LILES, C. J., and HOBSON, J., concur.