SWANN, Judge.
The defendant below appeals from a judgment of conviction in a non-jury trial of aggravated assault.
The question before us relates to whether the state established that the defendant used a deadly weapon.
No argument is made on appeal that he did not assault the victim, nor is there any argument concerning the identification of the defendant.
The victim and an eyewitness testified that the victim’s throat had been cut by Studdard but they were unable to testify whether any weapon had been used by him although the victim’s throat was bleeding badly after the assault. The defendant was arrested very shortly thereafter, at a place near the premises where the assault occurred. A knife was found on his person and there was a wet red substance on it.
The appellant contends that the trial court committed reversible error because none of the witnesses could identify the object with which the defendant assaulted the victim and because the court admitted the knife found on the defendant into evidence.
It has been held that an assault with a deadly weapon can be proven by the nature of the wound, even if there was no direct testimony that a knife was seen in the hands of the defendant. People v. Urrutia, 58 Cal.App.2d 458, 137 P.2d 48 (1943); People v. Guiterrez, 140 Cal.App. 720, 35 P.2d 1046 (1934); and 6 C.J.S. Assault and Battery § 77c.
We are of the opinion that the knife found on the defendant shortly after the assault, which contained a wet red substance, was properly admissible into evidence for whatever probative value it might have had. See Astrachan v. State, 158 Fla. 457, 28 So.2d 874 (1947); Mobley v. State, 41 Fla. 621, 26 So. 732 (1899). See also 6 C.J.S. Assault and Battery § 119, citing State v. Nelson, 133 Wash. 30, 233 P. 12 (1925), wherein the court allowed testimony that the defendant owned a razor when the evidence showed that the victim had been cut by a sharp instrument. We think that here there was sufficient, competent, circumstantial evidence for the trier of fact to determine that there had been an assault with a deadly weapon upon the victim.
Ac ordingly, the judgment herein appealed be and the same is hereby affirmed.