SPECTOR, Judge.
Plaintiff appeals from a final judgment entered pursuant to an adverse jury verdict in an action arising out of a vehicular collision.
The collision occurred at the intersection of the Twentieth Street Expressway and Wilson Street in Duval County, Florida. Appellant was driving east on the expressway and appellee’s taxicab was going in a northerly direction on Wilson Street. The latter was a “stop street”, being so by virtue of a stop sign erected on the right side of the street just before it entered its intersection with the expressway and also by virtue of the word “stop” being lettered on the street surface just before the intersection. The collision occurred around 10:00 A.M. and the record is devoid of any evidence of bad weather or visibility problems.
It is apparent from an examination of the record, briefs, and argument of counsel that the crucial fact around which the jury’s determination of its verdict revolves is the speed at which appellant was traveling at the time of this collision. Appellant testified that he was only going 40 to 45 miles per hour which was permissible in that zone. Appellee’s driver testified that appellant was traveling 60 to 70 miles per hour and that at the time he went into the intersection appellant was a quarter mile away so that he thought he had plenty of time to get on across the east bound lanes of the expressway. The taxi driver stated that he had stopped, looked both ways, and determined that he had ample time to cross before he entered the expressway. He further ascribed his inability to complete the crossing of the expressway traffic lanes to the fact that the taxicab stalled as it was traversing the expressway and came to a standstill in the appellant’s path. None of the other witnesses who were present at the time of the collision were able to corroborate the evidence of stalling.
At the time of the collision, the plaintiff was alone in his car. The taxi had two passengers, both of whom testified. One of the passengers in the taxi, Ruby Lewis, had given a written statement to the plaintiff’s attorney on the night before the trial in which she stated the following:
“On January 7, 1967, I was in an accident while a passenger in the rear seat of a cab. The cab stopped before it entered the expressway. The cab was going slow and still moving when it was hit on the left side by another car. I saw the other car just a split second before the accident and I could not correctly estimate the speed. The accident happened a second or two after the cab entered the intersection.” x
After the witness who gave the foregoing statement testified at the trial as a witness for the defense that the plaintiff was traveling at 75 miles per hour, the plaintiff unsuccessfully attempted to in *614 troduce her statement above set out for the purpose of demonstrating to the jury that although she testified to 75 miles per hour at the trial, the night before she had stated in a carefully read statement that she could not correctly estimate the speed of plaintiff’s vehicle. The trial court did permit the introduction in evidence of only that portion of the statement in which Ruby Lewis stated “ * * * the accident happened a second or two after the cab entered the intersection.”
The first question raised by appellant on which he seeks reversal is the correctness of the lower court’s ruling excluding from the evidence that portion of Ruby Lewis’ statement in which she stated that she could not correctly estimate plaintiff’s speed as he traveled along the expressway. Appellant contends that excluding this portion of the statement was prejudicial error and we agree. The ruling enabled the crucial question of the plaintiff’s speed to go to the jury in circumstances where the only ostensibly disinterested witness corroborated the defendant’s version of plaintiff’s speed on the very next day that she had given the plaintiff her written statement that she had no knowledge of the fact.
The right of a litigant to impeach a witness by introducing evidence of a material prior inconsistent statement is recognized by statute, Section 90.10, Florida Statutes, F.S.A. A reading of the transcript of the testimony indicates that the conditions to introduction of such evidence prescribed by the cited statute have been met. The reason underlying a party’s right to counteract a witness’s trial testimony as to a material fact with the introduction in evidence of a prior inconsistent statement is well stated in McCormick on Evidence, page 63, in the following fashion:
“When a witness has testified to facts material in the case, it is provable by way of impeachment that he has previously made statements relating to these same facts which are inconsistent with his present testimony. The making of these previous statements may be drawn out in cross-examination of the witness himself, or if on such cross-examination the witness has denied making the statement, or has failed to remember it, the making of the statement may be proved by another witness.
Hi ifc ilfi ifc sji
“The theory of attack by prior inconsistent statements is not based on the assumption that the present testimony is false and the former statement true but rather upon the notion that talking one way on the stand and another way previously is blowing hot and cold and raises a doubt as to the truthfulness of both statements.”
Upon taking cognizance of the above rationale underlying proper treatment of inconsistent statements, it becomes apparent that the error committed by excluding the witness’s prior written statement was prejudicial. See Central Mutual Insurance Company v. Newman, 117 So.2d 41 (Fla.App.3d 1960); Rosenfeld v. Johnson, 161 So.2d 703 (Fla.App.2d 1964); and this court’s opinion in King v. Califano, 183 So.2d 719 (1966).
Our disposition of this case on the basis of the error discussed above makes it unnecessary to rule upon appellant’s remaining contention relating to the investigating officer’s testimony on skidmarks and the exclusion of the accident report showing an absence of skidmarks. The lack of necessity to discuss this question is fortified by the trial court’s own recognition expressed in its order denying appellant’s motion for new trial that such portion of the accident report should have been placed in evidence though the exclusion was designated as harmless, a matter on which we do not rule now.
Reversed.
WIGGINTON, C. J., and JOHNSON, J., concur.