PEARSON, Chief Judge.
The respondent, Rosalind Mason, was found guilty after trial in the Municipal *592 Court of the City of Miami of solicitation for prostitution. Upon appeal to the circuit court, that court reversed the conviction basing its reversal upon Williams v. United States, 71 App.D.C. 377, 110 F.2d 554 (1940). The City of Miami has filed a petition for writ of certiorari in this court alleging that the circuit court departed from the essential requirements of law in that the appellate court substituted its judgment as to matters of fact for that of the trial court. See Felton v. City of Pensacola, Fla.App.1967, 200 So.2d 842, reversed on other grounds, 390 U.S. 340, 88 S.Ct. 1098, 19 L.Ed.2d 1220 (1968).
A review of the record which was before the circuit court convinces us that the City did in fact establish a prima facie case of solicitation for prostitution against the respondent. The only way that the factual situation set forth in Williams v. United States, supra, could be applicable would be for the reviewing court to have refused to believe the testimony of the officer who made the arrest and to have accepted the testimony of the respondent in its entirety together with all of the inferences therefrom. In view of the numerous cases holding that it’s not within purview of an appellate court to retry controverted issues of fact, we hold that the circuit court departed from the essential requirements of law in the application of the Williams opinion, see State v. Sebastian, Fla.1965, 171 So.2d 893.
The factual basis of the Williams case which was cited by the circuit court in its opinion is that the accused in that case voluntarily got into the car of a stranger after asking him if he would like to have a date. Upon entering the car, she offered only to ride around with him. There was no discussion of monetary remuneration. The facts of the case presently under review as testified to by the police officer are that: 1) the respondent accosted the police officer who was a stranger to her; 2) she asked him if he wanted to have a good time; 3) there was a discussion of price and an agreement to pay the price; 4) there was a demand that the police officer pay for a room which was agreed to; 5) there was a meeting in front of the room for the purpose of carrying out the contract. We think that the fact of the discussion of the price to be paid and the other elements listed clearly distinguish this case from the holdings in Williams v. United States, supra.
The petition for certiorari is granted and the opinion and judgment of the circuit court reversing the conviction is quashed and the cause remanded to the circuit court with directions to affirm the decision of the Municipal Court of Miami.
It is so ordered.