**UNITED STATES, Appellant,**

v.

**Michael Harry KELLY, Appellee.**

**No. 5885.**

District of Columbia Court of Appeals.

Argued Sept. 8, 1971.

Decided Jan. 11, 1972.

---

Roger M. Adelman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John J. Mulrooney, Asst. U. S. Attys., were on the brief, for appellant.

Mary Lee Garfield, Washington, D. C., appointed by this court, for appellee.

Before HOOD, Chief Judge, and KELLY and PAIR, Associate Judges.

PAIR, Associate Judge:

This case brings to light an ambiguity in the Criminal Rules of the Superior Court of the District of Columbia (hereinafter referred as the "Rules"), and we take this opportunity to clarify it. Appellee was arrested on a charge of petit larceny.[1] The arrest was made without a warrant, on the basis of a verbal description by the complaining witness who was not under oath. The accused was brought before the court and charged by information, reading of which was waived. A plea of not guilty was entered, the accused waived his right to a jury, and a trial date was set. During the inquiry regarding conditions of release, the presiding judge questioned the existence of probable cause to further detain the appellee. Finding a lack of probable cause at the time of arrest and an absence of other inculpatory evidence, he dismissed the information until such time as the Government could obtain a warrant based on an affidavit of the complaining witness.

The ambiguity concerns the right of a defendant to a preliminary examination, or probable cause hearing, in a misdemeanor case.

Appellee argues that Rule 5 applies to misdemeanors by virtue of its specific reference in paragraph (b) to informations. Rule 5(b) provides that a defendant shall be informed "of his right to have a preliminary examination unless [he] is thereafter indicted or, in appropriate cases, if an information has been or is filed against [him]." Appellee contends that his warrantless arrest on the basis of an unsworn complaint was properly found not to be an "appropriate case" to dispense with his right to a preliminary examination.

In our opinion, however, Rule 5 does not confer, on a person charged with

---

1. D.C.Code 1967, § 22-2202.

a misdemeanor, a right to a preliminary examination, and the "appropriate cases" referred to in paragraph (b) are felony cases prosecuted by information after waiver of indictment pursuant to Rule 7(b). *See* M.A.P. v. Ryan, D.C.App., 285 A.2d 310 at 314 (decided Dec. 29, 1971). Specific amendments to Rule 5 designed to make it applicable to misdemeanor cases involving warrantless arrests were considered and rejected by the Criminal Rules Committee.[2] A fair representation of the opinion of the committee, as a whole, is that it is more consistent with the interests of justice to move cases rapidly to trial than to further congest court calendars by providing preliminary examinations in such cases. We agree.

■ We notice also that the dismissal of the information was not sanctioned by Rule 48(b), which provides, with specific reference to this case, for dismissal of an information by the court only for unnecessary delay in bringing a defendant to trial.

■ For the most part, proper procedures were followed. Rule 7, which does apply to misdemeanors, requires that charges, by information or complaint, be filed "forthwith" upon initial presentment to the court of a person arrested without a warrant. Having been so charged, appellee was entitled to an arraignment. Rule 10 provides that an arraignment shall consist of a reading of the information, and calls upon the defendant to plead thereto. The judge was required to conduct the arraignment, schedule the case for trial, and set conditions of release or detention. Rule 109 which sets forth the duties of the presiding judge provides for no other function that would have been appropriate in this case.

Since a preliminary examination should not have been made available to appellee, his complaint should have been made by any appropriate pre-trial motion.

Reversed and remanded with instructions to reinstate the information.

---

2. Official Transcript of the December 3, 1970, Proceedings of the Criminal Rules Committee of the Superior Court, at 46–55, 59–60.