**Tyrone FREEMAN, Petitioner,**

v.

**Honorable Donald S. SMITH, Respondent.**

**No. 6977.**

District of Columbia Court of Appeals.

Feb. 20, 1973.

Richard T. Tomar, for petitioner.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Steven W. Snarr, and Richard L. Beizer, Asst. U. S. Attys., for respondent.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges, in chambers.

PER CURIAM:

This application for a writ in the nature of a writ of mandamus seeks to compel the respondent judge to afford petitioner a preliminary hearing respecting a misdemeanor charge lodged against him by way of complaint. The prosecution has undertaken the relatively unique tack of charging the defendant by way of complaint rather than by filing an information. Apparently the purpose for such a procedure is to permit joinder of petitioner on the misdemeanor charge with a codefendant in a felony charge, all by way of indictment. Both have been charged with carrying a deadly weapon in violation of D.C.Code 1967, § 22-3204.[1] We conclude from the

1. We observe that the prosecution could have obtained joinder of these defendants by filing an information against petitioner and upon indictment of his codefendant a motion for joinder would have been appropriate. See Super.Ct.Cr.R. 8(b).

record in the trial court that the denial of the requested preliminary hearing resulted from a literal reading of but part of a recent decision of this court in United States v. Kelly, D.C.App., 285 A.2d 694 (1972).

■ In *Kelly* the defendant was charged by information with petit larceny, a misdemeanor. During bail proceedings, the trial court, *sua sponte,* dismissed the information for lack of probable cause. This we held to be error. In so doing, we said:

> In our opinion, however, Rule 5 does not confer, on a person charged with a misdemeanor, a right to a preliminary examination, . . . [*Id.* at 695–696.]

The correctness of this statement is beyond question when, as was later pointed out in the *Kelly* opinion, the accused is charged by an information which called for arraignment, a plea, and if appropriate, a trial. When either an indictment or an information has been filed no preliminary hearing is necessary as the document itself establishes probable cause to hold the accused for trial. A complaint of course is altogether different. It does not require arraignment, plea, or trial. It is not signed by the public prosecutor but merely sworn to by a complaining witness, who may or may not have firsthand knowledge of the facts asserted. Accordingly, if the prosecution charges a misdemeanor by way of complaint (an unduly burdensome and unnecessary step in this jurisdiction), a provision of Superior Court Criminal Rule 5(c)(1) comes into play. Specifically:

> . . . If the defendant does not waive [preliminary] examination, the court *shall* hear the evidence within the time limits set forth in subparagraph (2). . . . [*Id*; emphasis supplied.]

Our holding in United States v. Kelly, *supra,* is not to the contrary. In view of this mandatory language respecting conduct of the preliminary hearing in Rule 5(c), *supra,* we hold that it is necessary to afford a preliminary examination in any case where it is not waived and the criminal charges have been brought by complaint rather than by a document calling for trial.

■ From what we have said above, we do not deem it necessary to issue the requested writ. In lieu thereof, the Clerk is directed to forthwith transmit a certified copy of this opinion to the trial court. *See* Ross v. Sirica, 127 U.S.App.D.C. 10, 14, 380 F.2d 557, 561 (1967).

So ordered.