HAVERFIELD, Judge.
This cause is before us on petition for writ of certiorari to review a decision of the Circuit Court (sitting in its appellate capacity), which held the Municipal Court of Miami to be without jurisdiction to try the cause and reversed defendant’s conviction.
Defendant-respondent was charged with disorderly conduct by assaulting the complainants with a gun in violation of Section 38-10 (d) of the City of Miami Municipal Code. He was tried, found guilty and sentenced to a term of ten (10) days in jail and a $250 fine. Respondent appealed the judgment and sentence to the Circuit Court *667 which, after hearing oral argument, held that the offense charged and proved constituted a felony under F.S. § 784.04, F.S. A., and, therefore, that the City of Miami Municipal Court had no jurisdiction to try the cause. The judgment of conviction was reversed and the City of Miami was ordered to institute proceedings against the respondent in the appropriate (state) court within thirty (30) days, otherwise defendant-respondent would be discharged.
The City of Miami, petitioner, contends that the Circuit Court deviated from the essential requirements of law in reversing defendant-respondent’s conviction and further ordering the petitioner to institute proceedings in the state court. We agree.
First, counsel for petitioner is correct in pointing out that since the respondent in the case sub judice was tried and convicted of the lesser included offense of simple assault[1] (i. e. disorderly conduct in violation of Section 38-10(d) of the Miami Municipal Code), that in light of the U.S. Supreme Court’s holding in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), a subsequent charge in the state court for assault with a deadly weapon, a felony, would provide the respondent with the opportunity to plead double jeopardy and thereby avoid prosecution.
Second and more important, whether or not the particular weapon in an assault case is to be classified as deadly or not and therefore whether the waving of the (unloaded) gun in the case at bar would constitute an aggravated assault situation if determined to be deadly or a simple assault situation if determined not to be deadly, is a factual question to be decided from the circumstances of each case by the trier of the facts. See Bass v. State, Fla.App. 1970, 232 So.2d 25. The Miami Municipal Court Judge, as the trier of fact, decided that the circumstances of the instant case fell within the scope of proof of Section 38-10(d) of the Miami Municipal Code and thereby determined it to constitute a simple assault situation. Thus, the Circuit Court lacked authority to substitute its judgment as to the facts decided by the trial judge. See City of Miami v. Mason, Fla.App.1971, 246 So.2d 591.
Accordingly, the decision and order of the Circuit Court is quashed with directions that the judgment and sentence of the Miami Municipal Court be reinstated.
It is so ordered.

. It is undisputed that the Miami Municipal Court has jurisdiction over offenses no higher than misdemeanors as the simple assault in the instant case.