PER CURIAM.
Appellants seek review of their adjudications of delinquency for violations of § 784.04, Fla.Stat.
The victim, Mrs. Phillips, became involved in a verbal altercation with the appellant J.M.C. and her sister. Subsequently, Mr. Phillips was surrounded by five or six teenage girls and a fight ensued during which J.M.C. kicked or attempted to kick Mrs. Phillips. Appellant D.P.S. observed J.M.C. and Mrs. Phillips fighting and she struck Mrs. Phillips on the back with a stick causing her to fall down. While lying helpless on the ground Mrs. Phillips was cut by the girls who fled after the police were called. As a result of this incident, J.M.C. was adjudicated delinquent for assault with a deadly weapon [§ 784.04, Fla.Stat.] and D.P.S. was so adjudicated for assault and battery with a deadly weapon [§ 784.04, Fla.Stat.].
D.P.S. contends there is no evidence that she cut Mrs. Phillips and a stick is not a deadly weapon. Therefore, the finding of guilt as to aggravated assault was erroneous.
The gist of the crime of aggravated assault is found in the character of the weapon with which the assault is made, i. e. whether it is deadly or not, and there is no requirement for the addition of a specific intent over and above that required for simple assault. Goswick v. State, Fla.1962, 143 So.2d 817; Bass v. State, Fla.App.1970, 232 So.2d 25. Further, whether or not the particular weapon in an assault case is to be classified as deadly or not is a factual question to be determined by the trier of the facts. City of Miami v. Gaskell, Fla.App.1973, 285 So.2d 666.
We find that there is sufficient competent evidence to sustain the finding that the stick was a deadly weapon in that it was large enough to cause the victim to be knocked to the ground upon being struck with it on her back. Cf. Bass v. State, Fla.App.1965, 172 So.2d 614.
In addition, we also note that Mrs. Phillips was cut several times by the girls and at the very least, D.P.S. could be found responsible as an aider and abettor for the cuts inflicted on Mrs. Phillips by D.P.S.’ companions. See State v. Roby, Fla.1971, 246 So.2d 566; McNeal v. State, Fla.App. 1974, 303 So.2d 698 and Cf. Studdard v. State, Fla.App. 1968, 214 So.2d 767.
Appellant J.M.C. argues that the evidence at most shows she is guilty of simple assault rather than assault and battery. We cannot agree.
There is ample testimony that the victim and J.M.C. were fighting and engaged in physical contact. Thus, we will not disturb the judge’s finding of guilt as to assault and battery.
Affirmed.