STATE OF NORTH CAROLINA v. DEBORAH WALKER HAGGARD

No. 824SC458

(Filed 7 December 1982)

**Prostitution § 2— solicitation for prostitution—sufficiency of evidence**

Defendant's statements to a witness as they lay side by side, with defendant partially clothed and the witness nude, that "if [he] wanted anything else

. . . it would cost [him] more money" and that he could "just have anything" clearly constituted solicitation for prostitution when, as required, those words are given their ordinary meaning. G.S. 14-204(5).

APPEAL by defendant from *Strickland, Judge*. Judgment entered 6 January 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 9 November 1982.

Defendant appeals from a judgment of imprisonment entered upon her conviction of solicitation for prostitution.

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Warrick, Johnson & Parsons, P.A., by W. Douglas Parsons, for defendant appellant.*

WHICHARD, Judge.

Defendant was convicted of violating G.S. 14-204(5), which provides: "It shall be unlawful . . . [t]o procure, or to solicit, or to offer to procure or solicit for the purpose of prostitution or assignation." She concedes that the evidence established prostitution, but contends that it failed to establish solicitation for prostitution, and that the court thus erred in denying her motion to dismiss. We reject the contention.

In construing statutes, words should be given their ordinary meaning unless it appears, from the context or otherwise, that another and different sense was intended. *Abernethy v. Commissioners*, 169 N.C. 631, 635, 86 S.E. 577, 579 (1915). Nothing appears with regard to G.S. 14-204(5), from the context or otherwise, to indicate an intent to give the word "solicit" anything other than its ordinary meaning.

"Solicit" is a word of common usage and understanding. The gravamen of the common law offense of soliciting "lies in counseling, enticing or inducing another to commit a crime." *State v. Furr*, 292 N.C. 711, 720, 235 S.E. 2d 193, 199, *cert. denied*, 434 U.S. 924, 98 S.Ct. 402, 54 L.Ed. 2d 281 (1977). *Webster's New International Dictionary* 2169 (3d ed. 1971) defines "solicit", *inter alia*, as "to entice . . .: lure on and esp. into evil . . . [; to] attempt to seduce . . . ." *Webster's New Collegiate Dictionary* (7th ed. 1967) defines "solicit", *inter alia*, as "to entice or lure . . . to do

wrong . . . to accost (a man) for immoral purposes." *Black's Law Dictionary* 1248-49 (5th ed. 1979) defines "solicit", *inter alia*, as "[t]o appeal for something; . . . to ask for the purpose of receiving; . . . to try to obtain; . . . [t]o awake or excite to action, or to invite."

The District of Columbia Court of Appeals has stated: "To establish the offense [of solicitation for prostitution] it is not necessary to prove any particular language or conduct. Ordinarily it is a question of fact whether the acts and words of the defendant, viewed in the light of surrounding circumstances, constitute the inviting or enticing prohibited by [statute]. [Citation omitted.]" *United States v. Smith*, 330 A. 2d 759, 761 (D.C. App. 1975). The pertinent "surrounding circumstances" here were as follows:

The state's principal witness saw defendant at an establishment called "Movie Mates." Defendant asked if he "would like to watch a movie with the lady." A sign advised, *inter alia*, of a $20.00 charge to watch a movie accompanied by a girl with "no top on."

The witness told defendant he would "take the $20.00 for topless." He gave her $20.00, and they went into a back room.

There defendant told the witness "to take [his] clothes off and get comfortable and lay down on the bed." The witness complied. Defendant then turned on a television set, "took off her top," and lay down beside him.

After they had talked for a time while watching a movie of "a lady and a man having oral sex," defendant told the witness that "if [he] wanted anything else . . . it would cost [him] more money." The witness asked what she meant; and defendant replied, "[W]ell, you can just have anything." The witness referred to the TV screen where a woman was performing oral sex on a man, and he asked how much more that would cost him. Defendant replied that it would cost $40.00. The witness gave defendant $40.00; and after a brief departure from the room, defendant commenced performing oral sex on him.

This continued for several minutes, after which the witness asked defendant "how much more it would cost [him] to get laid." Defendant indicated it would cost another $20.00. The witness had only $13.75 in his possession. Defendant settled for that, took

$13.75 from the witness, and left the room briefly. When she returned, she and the witness "had sex."

Defendant's statements to the witness as they lay side by side, with defendant partially clothed and the witness nude, that "if [he] wanted anything else . . . it would cost [him] more money," and that he could "just have anything," clearly constituted solicitation for prostitution when, as required, those words are given their ordinary meaning. Defendant's contention that the court erred in denying her motion to dismiss is thus without merit.

Defendant further asserts prejudicial error in portions of the instructions to the jury. We have carefully examined the portions complained of, and we find no merit in the contention.

No error.

Judges VAUGHN and WELLS concur.