WESSEL, JOHN D., Associate Judge.
Robert Arner, appellant, appeals from a judgment of conviction and sentence for life without parole for 25 years for the first degree murder of his wife, Elinor Arner. Appellant raises several issues as to evi-dentiary rulings by the trial court.
On January 25, 1978, the victim, Elinor Arner, was found languishing from a hammer beating from which she ultimately died on March 11, 1978. It is unnecessary to detail the gruesome and brutal nature of the injuries sustained by the victim.
The testimony at the trial included the appellant’s girl friend, Valerie Wade, whose testimony appellant claims was perjury. Wade had given ten statements prior to the trial, six of which were basically exculpatory and four were basically incul-patory to the appellant.
Appellant contends that at the trial, the prior taped statement and affidavit of the witness Wade were excluded during the examination of the appellant’s first lawyer when the appellant sought to have the taped statement played before the jury.
The State called Valerie Wade as a witness. On direct examination, she explained that she had recanted her Grand Jury testimony so that the appellant could visit a sick grandparent in New York and be free for a holiday. Extensive cross-examination of this witness was conducted over a period of several days. The witness admitted that she had told deliberate and intentional lies under oath, and confessed to being a perjurer. During this cross-examination, appellant’s counsel took this witness through each of her sworn statements made to the appellant’s lawyer in his office and an affidavit dated September 26,1978. In Wade’s testimony at appellant’s bond hearing on *1137 September 27, 1978, she recanted her Grand Jury testimony against the appellant. Inconsistencies were apparent.
During the cross-examination, appellant’s counsel asked the witness Wade to identify the affidavit she executed for the appellant’s former counsel, which recanted her Grand Jury testimony against the appellant. She was then questioned on cross-examination about the tape recording of her recanting statements. During this same cross-examination Wade identified the voices of the tape as her voice and as that of the appellant’s former counsel, Leonard Robbins. Appellant’s counsel made no attempt, at this time, to introduce the tape during the cross-examination of Valerie Wade, the witness. During the appellant’s case, the prior lawyer, Leonard Robbins, was called as a witness to testify. Appellant sought, during his examination, to introduce the affidavit and taped statement made by Valerie Wade as substantive evidence.
The trial court denied the admissibility of the tape and the affidavit, and the appellant claims this act as reversible error in the trial court. It is obvious the appellant had the opportunity to introduce the tape in its entirety when Wade was on the stand during her cross-examination, but contended that he was allowed to play it before the jury in the defense’s case to show the jury how it reflected the pressure on Wade at the time this tape was being made.
Under the evidence code in effect at the time of the appellant’s trial, a prior material inconsistent statement could only be introduced if the witness denied making the statement or failed to remember it. Wingate v. New Deal Cab Co., 217 So.2d 612 (Fla. 1st DCA 1969). A prior inconsistent statement could not be put into evidence if the trial court permitted examination on the prior statement and the witness admitted making the prior inconsistent statement. Dean v. State, 325 So.2d 14, 19-20 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976). However, prior inconsistent statements are now admissible as substantive evidence if given under oath in a prior judicial proceeding. Moore v. State, 452 So.2d 559 (Fla.1984).[1] However, even under the criteria in Moore, the statement would not be admissible inasmuch as the proceeding in which the tape and affidavit were taken was not a judicial proceeding; secondly, the witness was available and did testify; and third, the evidence would merely be cumulative. Accordingly, we find no error in the trial court’s ruling on the admissibility of the tape and affidavit of Valerie Wade during the appellant’s case.
Two other evidentiary matters which the court raised on appeal concerned the issue of the evaluation of the estate of the decedent/victim. After reviewing the evidence, this court concludes that there was sufficient evidence of the victim’s assets and income from property at the time of her death to create a jury question on the estate evaluation and the appellant’s possible financial motive for murder.
Finally, the trial court admitted evidence concerning wet clothes found in the washer at the appellant’s residence two days after the attack on his victim/wife, and the court finds no error in tho trial court’s use of its broad discretion in admitting evidence that may be considered relevant in conjunction with other evidence in the case, New v. State, 211 So.2d 35, 36 (Fla. 2d DCA 1968).
This court has reviewed all of the numerous alleged errors directed in this cause, and finds no error. Accordingly, the judgment of conviction and sentence is hereby
AFFIRMED.
ANSTEAD, C.J., and HURLEY, J., concur.

. Under the Florida Evidence Code which is now consistent with the Federal Evidence Code, Section 90.801(2)(a), holds that such prior inconsistent statements of a witness at a criminal trial given under oath in a judicial proceeding are excluded from the hearsay definition and may be admitted not only for impeachment purposes but also as substantive evidence on material issues of fact.