883 So.2d 387 (2004)
George REED, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1590.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
*388 Carey Haughwout, Public Defender, Peggy Natale, Assistant Public Defender, and Christine Geraghty, Certified Legal Intern, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted of aggravated fleeing and eluding, leaving the scene of an accident, resisting without violence, and driving without a valid driver's license. He contends that the trial court admitted irrelevant and prejudicial evidence at trial. We conclude that the evidence was not improperly admitted and that, in any event, the alleged error was harmless.
Detectives observed a vehicle circling a restaurant parking lot where several robberies had occurred. The detectives found this suspicious, so they followed the vehicle in an unmarked police car and called for backup to initiate a traffic stop. A deputy in a marked patrol car arrived, turned on the car's lights and sirens, and attempted to stop the vehicle. The vehicle accelerated to about eighty miles an hour in a thirty-mile per hour zone with both police vehicles in pursuit. It did not slow at intersections and ran some red lights. As the vehicle turned at an intersection, the detectives noticed a dark piece of clothing being thrown from the passenger side of the vehicle. Very soon thereafter, they saw a solid metallic item thrown from the passenger window. The detectives could not tell whether the item was a gun.
The chase ended when the vehicle crashed into a taxicab while turning a corner. Two of the officers witnessed the passenger of the vehicle jump out of the car and run away. As the officers exited their car and approached the crashed vehicle, they saw the driver climb out of the passenger side of the vehicle. They identified the driver as appellant George Reed. Reed ran from the officers who chased and captured him.
Crime scene technicians investigated the scene and retraced the path of the vehicle. At approximately the place where the detectives saw dark cloth being thrown from the vehicle, a ski mask and gloves were found. The ski mask and gloves matched another ski mask and pair of gloves found in the vehicle. A gun was found at the approximate location where the officers saw a shiny object being thrown from the passenger side of the vehicle.
Defense counsel moved in limine to prevent admission of the ski masks and gloves, the set found in the vehicle and the set found on the ground at the location where the officers saw the passenger of the vehicle throw some dark clothing. Defense counsel claimed that these items were irrelevant and their probative value was outweighed by their prejudicial effect. The court denied the motion, concluding that the ski masks and gloves corroborated the detectives' testimony, particularly with respect to the gun. As Reed was also charged with possession of a firearm by a convicted felon, the court found the evidence was relevant and its probative value *389 was not outweighed by its prejudicial effect.
After presentation of the state's case at trial, Reed moved for a directed verdict on the gun possession charge, which the court granted. The state's evidence showed that Reed was the driver of the vehicle, and the gun had been thrown out of the passenger window. Therefore, the state could not prove Reed had actual or constructive possession. In the defense case, Reed testified and admitted to being in the vehicle but claimed that he was the passenger and did not flee from the police. The jury found Reed guilty of all remaining charges.
Reed argues that evidence of the ski masks and gloves was not relevant and, even if relevant, any probative value from this evidence was outweighed by its prejudicial impact. He contends the evidence regarding the ski masks and gloves was evidence of a collateral bad act because the jury would infer from this evidence that Reed committed a robbery.
A "trial court has broad discretion in determining the relevance of evidence and such determination will not be disturbed absent an abuse of discretion." Heath v. State, 648 So.2d 660, 664 (Fla. 1994) (citation omitted). "However, a trial court's discretion is limited by the rules of evidence." Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001) (citation omitted). All relevant evidence, which is evidence tending to prove or disprove a material fact, is admissible, except as provided by law. §§ 90.401-.402, Fla. Stat. (2001). If the probative value of relevant evidence is "substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence," the evidence is inadmissible. § 90.403, Fla. Stat. (2001).
When ruling on the motion in limine, the trial court stated that it was admitting the evidence because it corroborated the detectives' testimony that a metallic item was thrown from the vehicle. The detectives testified that they saw a cloth object thrown from the car as well as a metallic object. A firearm was later found at the approximate location where the detectives saw the metallic object thrown. Also found in the same general area was a ski mask and two gloves. A matching ski mask and pair of gloves were found in the vehicle. While this evidence is circumstantial and does not definitively demonstrate that the firearm found on the ground came from the vehicle, it does tend to prove a connection between the firearm and the vehicle, thus intimating a connection between Reed and the firearm, which was an issue in controversy until the court directed a verdict on the firearm charge. Thus, the evidence had "a logical tendency to prove or disprove a fact which [was] of consequence to the outcome of the action," Charles W. Ehrhardt, Florida Evidence § 401.1 (2004 ed.), and was, therefore, relevant.
Reed argues the evidence of the ski masks and gloves is not relevant to the issue of whether he was in possession of the firearm because the items were not found near the firearm, and the condition of the firearm, which was inoperable and rusty, indicated it may have been in that location for a long period of time. These facts do not diminish the relevance of the evidence of the ski masks and gloves; the facts go only to the weight of the evidence. See New v. State, 211 So.2d 35, 36 (Fla. 2d DCA 1968) ("Relevance is not determined by conclusiveness of inference; it is enough that it may tend even slightly to elucidate the inquiry."); Astrachan v. State, 158 Fla. 457, 28 So.2d 874, 875 (1947) (quoting Mobley v. State, 41 Fla. 621, 26 So. 732, 733 (1899)) ("`The competency *390 of a collateral fact to be used as the basis of legitimate argument is not to be determined by the conclusiveness of the inferences it may afford in reference to the litigated fact. It is enough if these may tend, even in a slight degree, to elucidate the inquiry, or to assist, though remotely, to a determination probably founded in truth.'").
Furthermore, we cannot conclude that the trial court abused its discretion in determining that the prejudicial effect did not outweigh the probative value of the evidence, again remembering that the evidence was presented in the state's case to prove the possession of a firearm charge. After the court directed a verdict on that charge, no further mention of the gun or the ski masks and gloves was made either in Reed's case or in closing argument. While the evidence might have suggested the potential that the occupants of the vehicle were planning a robbery, there was no question that the vehicle was fleeing the police in a highly reckless manner. The only issue in the case for the jury to decide was whether Reed was the passenger or driver of the vehicle and whether he resisted arrest when exiting from the vehicle. The admission of evidence regarding the ski masks and gloves had no effect on this issue.
We therefore affirm Reed's conviction and sentence.
KLEIN and TAYLOR, JJ., concur.