917 So.2d 1058 (2006)
Clifford DEVILLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1375.
District Court of Appeal of Florida, Fourth District.
January 18, 2006.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
*1059 HAZOURI, J.
Appellant Clifford Deville was convicted of two counts of dealing in stolen property and two counts of false verification of ownership or false identification given to a pawnbroker. Deville appeals arguing, inter alia, that the trial court erred by overruling his objection to testimony regarding a lock pick set discovered on his person when he was arrested, approximately two months after the crimes were alleged to have occurred. We reverse based on this issue and therefore, do not address the other issues raised by Deville.
At the time these crimes were alleged to have occurred, Deville was living on a boat behind the victims' house. Another individual, Mary Foust, was living on the boat with Deville at that time. After being gone for a weekend, the victims discovered items missing from their house. Some of these items were later discovered at a pawn shop while others were found on Deville's boat and in the trunk of Deville's car. A pawnbroker testified that Deville came in and conducted two different transactions on the same day pawning nine items in total which were later identified as the victims'. Deville's defense was that he did not know the items were stolen. He blamed Mary Foust for the theft.
During trial, the detective who arrested Deville, approximately two months after the items were pawned, testified that when he arrested Deville a lock pick set was recovered from Deville's pocket. The state argued the relevancy of the lock pick set was the potential method of gaining access to the victims' house. There was no evidence of forced entry into the house, but there was evidence that a key to the house was taken. The state also mentioned the lock pick set in its closing.
A trial court's decision in determining relevancy of evidence will not be disturbed absent an abuse of discretion. Reed v. State, 883 So.2d 387, 389 (Fla. 4th DCA 2004). This discretion is limited by the evidence rules. Id. Relevant evidence is that which tends to prove or disprove a material fact. § 90.401, Fla. Stat. (2004). "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice...." § 90.403, Fla. Stat. The fact that the lock pick set was found on Deville approximately two months after the crime was alleged to have occurred diminishes its likelihood to prove or disprove a material fact. In Reed, the items at issue were found in an area close to an item thrown from the car the defendant was driving. Reed is unlike this case where here the lock pick set at issue was not found geographically close to the scene of the crime, nor was it discovered in temporal proximity of the crime. Both of these factors decrease any relevance of it to the question of how Deville was alleged to have entered the victims' house. On the other hand, there was a reasonable danger of unfair prejudice where the jury heard that Deville had an item in his possession that most people would associate with breaking into a lock and committing crimes. Given the negligible relevance of the lock pick set to a material fact, the trial court abused its discretion in admitting it into evidence.
*1060 The state argues that the admission is harmless and therefore, this case should not be reversed. The test is whether the court can say "beyond a reasonable doubt that the error did not effect the verdict." State v. Ramos, 579 So.2d 360, 362 (Fla. 4th DCA 1991) (citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986)). The fact that the evidence against Deville was circumstantial and the state mentioned the lock pick set in its closing weighs in Deville's favor that any error on this issue was not harmless. See Williams v. State, 692 So.2d 1014, 1015 (Fla. 4th DCA 1997) (concluding that the error was not harmless where the evidence against the defendant was circumstantial and the state made reference to the improperly admitted evidence in its closing). Accordingly, we cannot say beyond a reasonable doubt that the admission of the lock pick set did not affect the verdict. We therefore reverse for a new trial.
Reversed and Remanded.
STEVENSON, C.J., and WARNER, J., concur.